JOHN F. DOWNEY *vs.* CITY OF BOSTON.

Suffolk. March 5, 1903. — June 19, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Municipal Corporations. Negligence.*

In an action at common law against a city for personal injuries, it is no evidence of negligence on the part of the city, that its employees engaged in laying a water main left temporarily on the sidewalk of a public street an iron pipe from one to two feet in diameter and ten or twelve feet long two or three inches from the curbstone and parallel with it.

TORT at common law by a boy for injuries alleged to have been caused by the negligence of the agents and servants of the defendant in placing and leaving on the sidewalk of Havre Street, in that part of Boston called East Boston, a section of iron pipe which rolled upon the plaintiff's arm, with a second count alleging that the pipe was rolled upon the plaintiff by certain children striking their feet against it. Writ in the Municipal Court of the City of Boston dated October 28, 1901.

On appeal to the Superior Court the case was tried before

*Pierce*, J.   It appeared that the plaintiff received his injuries on June 13, 1901, about 5.15 P. M., while attempting to pick up a cent which he had dropped into the gutter.

There was evidence tending to show that the plaintiff was a minor, five and a half years old at the time of the accident; that Havre Street was a public street, lined for the most part with tenement houses ; that the defendant by its employees was laying a new water main in the street and had dug a trench through the street for this purpose ; that the earth was thrown aside and planks laid down over the trench opposite the place of the accident, for people to cross the street; that the side-walk at this point was constructed of brick, with a stone curbing, and sloped toward the gutter; that some time before the accident, the defendant's employees had placed iron water pipes from one to two feet in diameter and ten or twelve feet long, along the gutter of the street adjacent to the plaintiff's home, and had placed one also on the sidewalk two or three inches from the curbstone and parallel with it; that the plaintiff with a cent in his hand started to cross the street to a candy store in the basement of the building opposite; that he dropped his cent between the curbstone and the iron pipe in the gutter; that he lay upon his stomach on the pipe in the gutter with his left arm in the gutter trying to reach the cent, and while so doing, the pipe on the sidewalk rolled upon his left arm and broke it.   A witness testified that there were two little children on the sidewalk, each standing with a foot on the pipe when it started to roll.

The judge ruled that the plaintiff could not maintain this action and ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*E. O. Achorn*, for the plaintiff.

*A. L. Spring*, for the defendant, submitted a brief.

BARKER, J.   In our opinion the jury could not be permitted to find negligence on the part of the defendant from the evidence.   The work of laying water pipes necessarily involved the digging up of the street and the use of its surface to a greater or less extent for the deposit of dirt from the trench and as a place of temporary storage for pipes and other materials and implements.   Suitable places for travel seem to have been arranged

and it could not be expected reasonably that travellers would attempt to stand or walk upon the pipes, and considering their weight and size we think there was no reasonable cause to expect that a pipe left on the sidewalk parallel with the curbing and three inches from the gutter, at a point in the street where it was not arranged for travellers so to walk as to come in contact with the pipe would be dangerous.

We think it unnecessary to consider the question of the plaintiff's due care or negligence or that of the effect of the acts of the other children in setting the pipe in motion.

*Exceptions overruled.*