IRENE MARY CAISSIE *vs.* CITY OF CAMBRIDGE
(and a companion case[1]).

Middlesex. November 8, 1944. — December 5, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Way,* Public: defect, nuisance. *Practice, Civil,* Case stated, Inferences.
*Nuisance. Municipal Corporations,* Liability for tort, Highways.
*Negligence,* Use of way.

A statement of agreed facts containing all the material facts upon which
the rights of the parties were to be determined in accordance with
law was a case stated.

Upon a case stated, this court draws the proper inferences from the
facts stated regardless of the inferences drawn by the trial judge.

Liability of a city for personal injuries, sustained by a pedestrian on a
public sidewalk when struck by a beam which children were using as a
seesaw after it and other timbers used by the city in the course of
laying a sewer in the way had been left by it unguarded at a place
where, if left undisturbed, they would not have injured the plaintiff,
was not shown either on the ground that the injuries were caused by
a defect in the way under G. L. (Ter. Ed.) c. 84, § 15, or on the ground
that the city maintained a nuisance on the way, or, in the absence of
anything to show that the city knew or ought to have known of the
use made of the beam by the children, on the ground that the city was
negligent in the performance of a commercial undertaking.

TWO ACTIONS OF TORT. Writs in the Superior Court
dated September 2, 1941, and December 17, 1941, respec-
tively.

The cases were heard by *Goldberg,* J.

*R. J. Thibodeau,* for the plaintiffs.

*J. A. Daly,* City Solicitor, for the defendant.

RONAN, J. The first action is brought by a minor to
recover damages for personal injuries sustained at eight-
fifteen o'clock on the evening of July 9, 1941, while travel-
ling along a public way in the defendant city, when some
children who were using a beam upon a wooden horse for a
seesaw lost control of the beam, permitting its end to fall

---

[1] The companion case is George Caissie *vs.* City of Cambridge.

across the sidewalk and to strike and break the plaintiff's leg. The city was engaged in laying a sewer in the way, and at the end of the day's work had piled up the boards and beams which were used in the work at a place where, if they had been left undisturbed, they would not have injured the plaintiff. Many children lived in the vicinity and they made general use of this dead end street for a playground. No watchman had been furnished by the city to protect pedestrians travelling near the site of the work. Due notice of the time, place and cause of the plaintiff's injury was given to the city. The plaintiff in one count of her declaration alleged that there was a defect in the highway and in another count charged the city in effect with permitting a nuisance to exist on the way. The second action was brought by the minor's father for consequential damages. The cases were submitted to the judge upon a statement of agreed facts which in the main contained the facts already mentioned. The judge "found" for the defendant. The cases are here upon appeals and exceptions.

As the same questions are raised by the appeals as by the exceptions, we shall consider the cases upon the appeals and dismiss the exceptions. *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446. *Clement* v. *Selectmen of Westwood,* 316 Mass. 481.

The statement of agreed facts contains all the material facts upon which the rights of the parties are to be determined in accordance with law. It thus constituted a case stated. *McNulty* v. *Boston,* 304 Mass. 305. *Azevedo* v. *Mutual Life Ins. Co.* 308 Mass. 216. It was the duty of the judge to order the judgment that was required by the application of the correct principles of law to the facts stated. The inferences drawn by the trial judge from the facts stated are not binding upon us, and questions of fact as well as questions of law are open for review upon these appeals. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105. *Howell* v. *First of Boston International Corp.* 309 Mass. 194. *Hayes* v. *Lumbermens Mutual Casualty Co.* 310 Mass. 81.

We shall refer to the minor as the plaintiff. She cannot recover on the count based upon a defect in the highway. The injury resulted from being struck by a beam which the children were using while at play. The active conduct of a person which is the direct and immediate cause of an injury to travellers upon the way is not a defect within the meaning of G. L. (Ter. Ed.) c. 84, § 15, for which a municipality may be held liable. *Lyons* v. *Brookline*, 119 Mass. 491. *Pierce* v. *New Bedford*, 129 Mass. 534. *Downey* v. *Boston*, 184 Mass. 20. Even if we should assume in favor of the plaintiff that the presence of the seesaw constituted a defect, then she could not prevail because the unauthorized and wrongful act of the children in using the city's property was the sole cause, or at least a contributing cause, of her injury. *Kidder* v. *Dunstable*, 7 Gray, 104. *Vinal* v. *Dorchester*, 7 Gray, 421. *Shepherd* v. *Chelsea*, 4 Allen, 113. *Pratt* v. *Weymouth*, 147 Mass. 245. *Igo* v. *Cambridge*, 208 Mass. 571. *Conary* v. *Boston & Maine Railroad*, 252 Mass. 397.

The plaintiff cannot recover upon the count based on nuisance. The erection and use of the seesaw upon the way by the children on the occasion in question did not constitute any permanent or continuing condition of the highway and did not constitute a nuisance. This use of the way was not authorized by the city, and the failure of the city to have a watchman in order to prevent anyone from making such use of the city's property does not convert a trespass against the city into a nuisance in favor of the plaintiff. The character of the transitory act of a third person cannot be enlarged by calling it a nuisance where it lacks the elements of a continuing use of the way. In any event, it is plain that the facts stated do not prove the existence of a nuisance for which the city could be held liable. *Lincoln* v. *Boston*, 148 Mass. 578. *Kerr* v. *Brookline*, 208 Mass. 190. *Delamaine* v. *Revere*, 229 Mass. 403. *Norris* v. *Newton*, 255 Mass. 325. *Mulvaney* v. *Worcester*, 293 Mass. 32.

Perhaps we ought to add that if the second counts in the declarations could be construed as setting forth a common

law liability of the city in negligently performing a commercial undertaking in a public way, *Hand* v. *Brookline*, 126 Mass. 324; *Galluzzi* v. *Beverly*, 309 Mass. 135, then the facts stated are insufficient to prove that the city knew or ought to have known that children were using the lumber for purposes of play and that injury to. pedestrians might result therefrom. *Doherty* v. *Waltham*, 4 Gray, 596. *Myers* v. *Springfield*, 112 Mass. 489. *Glassey* v. *Worcester Consolidated Street Railway*, 185 Mass. 315. *Lucas* v. *Boston*, 313 Mass. 495.

There being no liability to the minor, there can be no recovery by her father for consequential damages. In each case the entry must be

*Judgment for defendant.*
*Exceptions dismissed.*