*Municipal Court of the City of Boston*

No. 358945

STEPHEN V. GILLIGAN, alias
and DOROTHY R. GILLIGAN

v.

LAWRENCE R. SULLIVAN
BERNICE L. SULLIVAN
WARREN SCHOTT
DOROTHEA SCHOTT
and
NATIONAL SHAWMUT BANK OF BOSTON,
TRUSTEE

(October 9, 1953)

*Gillen, J.* This is an action of contract to recover $160 as rent due under a lease. The case was submitted on the following agreed statement of facts:

"It is agreed that all of the material facts are as follows:

"1. That on or about the first day of February, 1952, the plaintiffs as lessors and the defendants Schott as lessees executed a certain lease under seal in which it was agreed that the lessees were:

"TO HOLD for the term of one (1) year from the first day of February, 1952; yielding and paying therefor the rent of One thousand nine hundred and eighty ($1,980) Dollars; and said Lessees do promise to pay the said rent in monthly installments of One Hundred sixty-five ($165) Dollars payable in advance beginning this date. It is hereby agreed by and between the parties hereto that the amount of rent to be paid by the Lessees is subject to approval of the Office of Rent Stabilization, and that until said approval and determination has been made by said Office of Rent Stabilization, the rent shall be paid to Virgil C. Brink of Hale and Dorr, 60 State Street, Boston, Massachusetts, to be held by him in escrow for the benefit of both parties with the understanding that when the amount of said rental has finally been fixed or approved by said Office of Rent Stabilization, if the amount of the rental is as set forth herein, he is then to turn over to the Lessors the amount he is holding, but if the amount of the rental as fixed by the Office of Rent Stabilization is less than

the amount agreed upon herein, he is to turn over to the Lessors the amount coming to them and turn over to the Lessees the amount he holds in excess of the amount approved by said Office of Rent Stabilization and thereafter all rentals are to be paid by the Lessees to the Lessors herein.'

"That the entire issue of this cause is raised by the construction of the above-quoted provision of the lease and that it is unnecessary to recite the other provisions thereof;

"2. That at the time of the execution of said lease, the maximum monthly rental of the premises as fixed by the Office of Price Administration was Eighty-five Dollars ($85). Pursuant to the provisions of the lease, the parties ascertained from the Office of Rent Stabilization the approved maximum rental for the premises and on or about August 19, 1952, the Office of Rent Stabilization established the maximum monthly rental at One Hundred Twenty-five Dollars ($125); that thereafter all of the excess over One Hundred Twenty-five Dollars ($125) monthly previously paid by the defendants from the commencement of the lease was remitted to them and the lessees paid One Hundred Twenty-five Dollars ($125) each month for the rental of the premises for the months of September, October, November and December, 1952, and for the month of January, 1953;

"3. That on September 30, 1952, rent controls were removed from the Town of Weston, Massachusetts, and the premises have since that date not been subject to orders or authority of the Office of Rent Stabilization;

"4. That the defendants were notified by the agent of the plaintiffs that the premises had been 'decontrolled' and that demand was made for One Hundred Sixty Dollars ($160) representing the difference between the monthly rental of One Hundred Twenty-five Dollars ($125) paid for the four months during which the tenants occupied the premises after September 30, 1952, and the monthly rental of One Hundred Sixty-five Dollars ($165) for the said four months as provided in the lease;

"5. That in the event of a finding for the plaintiffs, the defendants Sullivan are liable as assignees of the said lease and the defendants Schott are liable under the terms of the assignment of the said lease;

"6. That said lease was drafted by counsel for the plaintiffs.

"s/John Kimball, Jr., Attorney for the plaintiffs."
"s/Timothy H. Donohue, Attorney for the defendants."

The trial judge found for the defendants and the plaintiffs claim to be aggrieved by said finding.

Whether this is an agreement of the parties as to the evidence, (*Frati v. Jannini,* 226 Mass. 430 at 431) or a Case Stated (*Caissie v. Cambridge,* 317 Mass. 346,) is immaterial. In either event our opinion is the same, namely that the trial judge did not err.

The amount of the rent under the lease was to be determined by the Office of Rent Stabilization. When said office fixed the rent there was no further question as to the rent of the premises. No provision was made for any contingency after the rent was fixed.

The defendants admitted in argument before this Division that the parties did not contemplate the ending of rent control at the time of the execution of the lease.

The lease was drafted by counsel for the plaintiffs and no sound reason has been presented to this Division to support the claim of the plaintiffs that the finding of the trial judge should be reversed. We find no error.

*Report dismissed.*

John Kimball, Jr., for the plaintiff.

Timothy H. Donohue, for the defendants.