## Northern District
## No. 6225
### CAPE ANN BANK & TRUST COMPANY
### v.
### GLOUCESTER YACHT YARDS, INC.

*Present*: Connolly, P.J., Parker & Yesley, JJ.

Case tried to *Thomson, J.* in the District Court of Eastern Essex No. 18593 of 1965.

*Yesley, J.* *This is an action of contract* against the maker of a check which the plaintiff bank (Cape Ann) cashed for the payee thereof. There was a finding for the defendant.

The case was submitted on agreed facts.

On *May* 24, 1963, the defendant drew a check for $80.00 on the First National Bank of Ipswich (the First National), payable to one Charles Ford, in payment for services which he allegedly rendered. Ford actually had not performed any services and the defendant stopped payment on the check that same day. On *May* 29, 1963, the payee cashed the check for the full amount at Cape Ann, where he had no account. Cape Ann duly presented the check, properly endorsed by the payee, to the First National which refused to honor it pursuant to the "stop payment" order.

Cape Ann had no notice of the stop order, nor of the failure of the payee to perform the services for which the check had been issued. The issue the parties agree, is whether Cape Ann was a holder in due course, in which event it took free of the defenses which would have been available to the defendant in an action by the payee. G.L. c. 106, §3-305.

We have before us a *case stated,* since the agreed statement contains all the material facts upon which the rights of the parties are to be determined. *Rogers v. Attorney General,* 347 Mass. 126, 130; *Caissie v. Cambridge,* 317 Mass. 346, 347.

It was the duty of the trial justice to order the judgment required by the application of the correct principles of law to the facts stated. *Richard D. Kimball Co. v. Medford,* 340 Mass. 727, 728, 729; *Caissie v. Cambridge,* 317 Mass. 346, 347; *Murphy v. Plymouth National Bank,* 22 Mass. App. Dec. 36, 38.

On review, we may draw from those facts any inferences that the trial justice could have drawn, G.L. c. 231, §126, and we are not bound by the inferences drawn by the trial justice, *Caissie v. Cambridge,* 317 Mass. 346, 347. Hence, we decide the questions of law involved unaffected by his decision. *Rogers v. Attorney General,* 347 Mass. 126, 130.

The issue presented here is to be decided under the Uniform Commercial Code (G.L. c. 106). As the law stood prior to the effective date of the Code (October 1, 1958),

Cape Ann having paid the face value of the check to the payee would be a holder in due course, *Spencer v. Burakiewicz,* 288 Mass. 83, 86. Under the Code, a holder in due course is defined as one who takes the instrument for value (§3-302(1)(a)), and in good faith (§3-302(1)(b)), and "without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person" (§3-302(1)(c)).

A bank gives value for purposes of determining its status as a holder in due course "to the extent that it has a security interest in an item . . ." (§4-209). A bank has a security interest in an item, which is defined as any instrument for the payment of money (§4-104(1)(g)), "if it makes an advance on or against the item" (§4-208(1)(c)). The cashing of the check by Cape Ann was at the least an advance.

Cape Ann also took the check in good faith, which is defined as "honesty in fact in the conduct or transaction concerned" (§1-201 (19)). The defendant stresses that Cape Ann cashed the check for a non-depositor and that it failed to note the payee's address on the check. These facts do not suggest any lack of honesty on the bank's part, nor disclose any lack of good faith. See: *Macklin v. Macklin,* 315 Mass. 451, 455.

Cape Ann had no "notice that [the check was] overdue" when cashed. Under §3-304 (3)(c)), a purchaser has notice that an instrument is overdue "if he has reason to know

. . . that he is taking a demand instrument after demand has been made or more than a reasonable length of time after its issue", which for a check drawn and payable within the United States is presumed to be thirty days. No demand was made prior to the cashing of the check which took place five days after its issue. Nor did Cape Ann have any notice that the check had been dishonored or of any defense against it.

Cape Ann was then a holder in due course under the Code (§3-302(1)(a),(b) and (c)), as well as under the law which preceded it. See: *Universal C.I.T. Credit Corporation v. Guaranty Bank and Trust Company,* 161 F. Supp. 790 (U.S.D.C.—D. of Mass.—1958). *Citizens Bank of Booneville v. National Bank of Commerce,* 334 F 2nd 257 (C.A. 10—1964) ; *Citizens National Bank of Englewood v. Fort Lee Savings & Loan Association,* 213 A 2nd 315 (N.J. Sup. Court—1965).

The appellee draws our attention to §4-201(1) of the Code, which provides that:

"Unless a contrary intent clearly appears and prior to the time that a settlement given by a collecting bank for an item is or becomes final . . . the bank is an agent or sub-agent of the owner of the item and any settlement given for the item is provisional. This provision applies regardless of the form of indorsement or lack of indorsement and even though credit given for the item is suject to immediate withdrawal as of right or is in fact withdrawn; but the con-

tinuance of ownership of an item by its owner and any rights of the owner to proceeds of the item are subject to rights of a collecting bank such as those resulting from outstanding advances on the item and valid rights of set-off. When an item is handled by banks for purposes of presentment, payment and collection, the relevant provisions of this Article apply even though action of parties clearly establishes that a particular bank has purchased the item and is the owner of it."

It is to be noted, however, that this section refers to "a collecting bank" and "items . . . handled for . . . presentment, payment and collection"; and the head-note thereto reads: "Part 2. Collection of Items. Depositary and Collecting Banks". In the present case the payee was not a depositor of Cape Ann. The Bank gave him the full amount of the check without even noting his address. These facts rebut any inference that the item was given to Cape Ann for collection. §4-201(1) does not, therefor, apply to the facts here.

It may be noted, however, that there is authority for holding that even a bank collecting a check for a depositor becomes a holder in due course under the Uniform Commercial Code, where it has given credit to the customer or permitted him to draw against the check. See for example: *Universal C.I.T. Credit Corporation v. Guaranty Bank and Trust Company*, 161 F. Supp. 790. In that case, also involving a "stop payment"

on a check, it was held in an opinion by Wyzanski, J. that under the Uniform Commercial Code, as enacted in Massachusetts but not yet then effective, as well as under the existing pre-Code Massachusetts law, a bank by permitting a depositor to draw against a check deposited with it for collection becomes a holder in due course to the extent of the advances—citing §§4-208, 209 of G.L. c. 106. To the same effect are *Citizens Bank of Booneville v. National Bank of Commerce,* cited 334 F2d 259, which was decided under the Uniform Commercial Code as enacted in Arkansas, and *Citizens National Bank of Englewood v. Fort Lee Savings and Loan Association,* cited supra, a case also involving a stop payment on a check, which was decided under the Uniform Commercial Code as enacted in New Jersey.

It makes sense that the Code does not appear to put a bank (cashing a check for a non-depositor) in worse position than a supermarket would be in cashing a check as a service to the public.

*The finding for the defendant is to be vacated and judgment be entered for the plaintiff in the amount of the check, with interest from May 29, 1963.*

George P. Laventis, of Gloucester for the Plaintiff.
David B. Gardner, of Gloucester for the Defendant.