*Northern District*
No. 6501

## CAMBRIDGE ELECTRIC LIGHT COMPANY

v.

## MARY C. GOMATUS

Argued: May 24, 1967    Decided: July 31, 1967

*Present:* Brooks, P.J., Connolly, Yesley, J.J.

Case tried to *Artesani, J.,* in the Third District Court of Eastern Middlesex No. 3583 of 1966

*Yesley, J. This is an action of contract* in two counts, the first on a check for $353.82 drawn by the defendant to the order of the plaintiff, which was dishonored by reason of a "stop payment" order by the defendant, the second for electricity furnished by the plaintiff to Brattle Market, Inc. (Brattle Market) in said amount and in payment whereof the check was given. There was a finding for the plaintiff entered on both counts, according to the docket entries.

The case was tried on "an agreed statement

of facts." Although they were not stated to be all the facts, it appears from the report that no evidence was offered beyond this statement nor were any further facts found by the trial justice. For all practical purposes they constituted all the facts, which follow: Brattle Market conducted a place of business in Cambridge. As of October 22, 1965, it owed the plaintiff $353.82 for electricity which was due and not paid on November 8th. From October 22nd to November 23rd, Brattle Market consumed electricity in the additional amount of $293.79, due on December 9th. On November 29th the plaintiff gave Brattle Market notice that it was shutting off its electricity on December 9th unless the said amount of $353.82 was paid. On December 6th the defendant delivered her said check to the plaintiff at a substation. It was also found that she delivered it to her husband who was connected with Brattle Market "and she was to get cash". Whichever way the delivery was made is not material to our decision, since it is apparent that the check did get to the plaintiff, which "therefore refrained from shutting off electricity". On December 20th the plaintiff learned that the defendant had stopped payment on the check. The defendant had no connection with Brattle Market, never talked to the plaintiff's representatives; "there were no other agreements". On May 12, 1966, the plaintiff filed a proof of claim in the Bankruptcy Court against Brattle

Market, bankrupt, including therein a claim for said amount of $353.82 due on October 22, 1965. No dividend has been paid in said bankruptcy case. The within action was commenced in September of 1966.

Since the agreed statement contains all the material facts upon which the rights of the parties are to be determined, we have before us a "case stated." *Caissie* v. *Cambridge*, 317 Mass. 346, 347. *Quintin Vespa Co., Inc.* v. *Construction Service Company*, 343 Mass. 547, 551.

It was the duty of the trial justice to order the judgment required by the application of the correct principles of law to the facts stated. *Richard D. Kimball Co.* v. *Medford*, 340 Mass. 727, 728, 729; *Caissie* v. *Cambridge*, supra, at page 347; *Murphy* v. *Plymouth National Bank*, 22 Mass. App Dec. 36, 38 We think that he did so as to count 1, in finding for the plaintiff thereon.

The defendant does not dispute that she would be liable on her check, (see *Buono* v. *Nardella*, 344 Mass. 257, 259; Uniform Commercial Code, (G.L. c. 106), § 3-104, 303(b), 408), were it not for the fact that plaintiff filed a proof of claim in the bankruptcy case against Brattle Market Inc. for the obligation underlying said check. Her contention is that the filing of the proof of claim barred any action by the plaintiff on the check by virtue of the provisions of § 3-802 of the Code, which reads in

pertinent part as follows: "(1) Unless otherwise agreed where an instrument is taken for an underlying obligation—(b)—[i]f the instrument is dishonored action may be maintained on either the instrument or the obligation—".

The defendant argues that by filing said proof of claim the plaintiff elected to maintain action on the obligation, and having thus made its election it may not thereafter sue on the instrument, i.e., the dishonored check. Thus, the defendant equates the word "maintain" with the word "commence", assuming for the purposes hereof that filing a proof of claim in bankruptcy may be considered the commencement of an action. (See *Commissioner* v. *Bristol Mutual Liability Insurance Company*, 279 Mass. 325, 329, 330.) The word "maintain" is not specially defined in the Code. Since the election embodied in § 3-802 is a new concept which did not exist in the Negotiable Instrument Law which preceded the Code (see Uniform Commercial Code Comment in the notes under said section in 14 M.G.L.), we must resolve the issue as one of first instance.

Looking first to semantics, "commence" and "maintain" have different dictionary meanings. The word "maintain" has a connotation of continuity beyond a single set of commencement (see Webster's Third New International Dictionary (1966 Ed.)). This distinction is carried over into the law. See *National Fertilizer Company* v. *Fall River Five Cents Savings*

*Bank,* 196 Mass. 548, wherein it is stated (p. 460): "Using the words in their ordinary significance "maintain" carries a different meaning from 'institute' or 'begin' ".

We would say that the action "maintain[ed]," by the plaintiff is this action, which has been pressed to trial and will be presumably to judgment and execution if the finding (on count 1) stands up, as contrasted with the simple filing of a proof of claim in bankruptcy upon which no dividend has been recived.

In other situations involving an election, the policy of the law has not been to make the commencement of action the determining factor but rather the prosecution thereof to judgment or execution, For example, an election in eminent domain cases to take damages rather than contest the validity of the taking becomes final when the case for damages goes to judgment and the execution is satisfied. See *Frederick Parr-Angell* v. *City of Northampton,* 341 Mass. 725, 729. For an example of statutory treatment of the question when an election becomes binding, see G.L. c. 152 § 15 wherein it is provided that an employee does not make a binding election to proceed at law against a third party tortfeasor in preference to recover damages against the insurer under the Workmen's Compensation Act if at any time prior to trial of a law action brought by him he discontinues such action. See *Leist's Case,* 350 Mass. 465, 468.

In this case the plaintiff elected to maintain

its action on the check and not on the obligation and that accordingly it is entitled to recover on the former (count 1). However, there should not have been a finding for the plaintiff on count 2, since on the agreed facts the defendant did not enter into any separate agreement with the plaintiff to pay the bill in question. The sole ground of liability on her part rests on her check.

We need not discuss the disposition of defendant's requests for rulings. They have no standing in a case stated, *Richard D. Kimball Co.* v. *Medford,* 340 Mass. 727, 729; and what we have said disposes of the defendant's contentions.

Report ordered dismissed as to count 1; finding for the plaintiff on count 2 is to be vacated and judgment entered for the defendant on said count.

GEORGE GOLDSTEIN
   of Cambridge for plaintiff
J. OWEN TODD
   for defendant