*Northern District*

#6770

## ASSOCIATE DISCOUNT CORPORATION

v.

## WILLIAM W. WOODS, d/b/a
## Park Street Motor Sales

Argued: May 22, 1968    Decided: Sept. 10, 1968.
*Present*s    Connolly, J., Parker, Yesley, JJ.

Case tried to Williams, J. in the First District Court of Northern Middlesex    No. R-32

*Yesley, J. In this action of tort,* transferred from the Superior Court for trial in the First District Court of Northern Middlesex under G.L. c. 231, s. 102c, the plaintiff seeks to recover for the alleged conversion of a 1962 Ford Convertible, on which it held a mortgage. The defendant's answer was a general denial and more specifically that he was a bona fide purchaser for value without notice of the mortgage. There was a finding for the defendant.

The evidence is not reported. There is a statement in the report of "facts .... agreed between the parties," which were adopted by the court. We take it that these facts were intended to constitute all of the material facts. We note in this connection the statement in the report that "(it) contains all the evidence (sic) material to the question reported."

The facts are these: One Fitzgibbon, while a resident of Michigan, gave a chattel mortgage on the car to the plaintiff. It was recorded "at the proper office in the State Capitol at Lansing, Michigan." Thereafter, he brought the car into Massachusetts and had it registered in this State. The dates on which these events occurred are not specified in the agreed facts except for the statement that they all occurred prior to March 25, 1963, on which date Fitzgibbon sold the car in Fitchburg to one Vallatin, who intended to keep it for his own personal use and

who had no knowledge of the mortgage. However, Vallatin was "unhappy with its condition" and on March 28, 1963 sold the car to the defendant, a used car dealer in Ayer, who did not intend to keep it for his own use. On said dates of March 25th and 28th, the car bore the same Massachusetts plates. On June 25, 1963, the mortgage was "recorded properly in Massachusetts ." In July of 1963, the partnership under which defendant's business was dissolved and defendant's partner took the car "as (his) share of (the) partnership assets . . . . and has retained (it) for personal use."

The trial justice ruled that "the sole question is whether the provisions of G.L. (Ter. Ed) c. 106, § 9-307 (2) appl(y) to defendant a bona fide purchaser for value without notice from Vallatin, who was a (bona fide purchaser for value) without notice from Fitzgibbon, thus destroying the plaintiff's unrecorded (sic) security interest in Mass."

We have before us a *case stated,* since the agreed statement contains all of the material facts upon which the rights of the parties are to be determined. *Rogers* v. *Attorney General & Others,* 347 Mass. 126, 130; *Caissie* v. *Cambridge,* 317 Mass. 346, 347. It was the duty of the trial justice to order the judgment required by the application of the correct principles of law to the facts stated. *Richard D. Kimball Co.* v. *Medford,* 340 Mass. 727, 728, 729; *Caissie* v. *Cambridge,* supra 347; *Murphy* v. *Plymouth National Bank,* 22 Mass. App. Dec. 36, 38.

On review, we may draw from those facts any inferences that the trial justice could have drawn, G.L. c. 231, § 126. We are not bound by the inferences drawn by the trial justice, *Caissie* v. *Cambridge,* supra 347. Hence, we decide the questions of law involved unaffected by his decision. *Rogers* v. *Attorney General & Others,* supra 130.

In order to make out a case the plaintiff must show that at the time of the alleged conversion it had a general or special property in the car and actual possession or the right to immediate possession thereof. *Massachusetts Lubricant Corporation* v. *Socony-Vacuum Oil Company, Incorporated,* 305 Mass. 269, 271. The agreed facts do not show possession nor any right in the plaintiff to immediate possession of the car. There is no showing of any default in the mortgage, nor of any breach in the terms or conditions thereof, entitling the plaintiff to the immediate possession of the car thereunder. Nor is there any right of such possession, on the agreed facts, under the Uniform Commercial Code (See G.L. c. 106, § 9-503; cf. *Prince Business Co.* v. *Drinkwater,* 350 Mass. 642, 645. Absent such right, there must be a finding for the defendant). See *Massachusetts Lubricant Corporation* v. *Socony-Vacuum Oil Company, Incorporated,* supra 271. The trial justice so found.

That he based his finding on other grounds does not require us to inquire into those grounds

since his duty in a case stated was to order the correct judgment (see cases cited supra); which he did.

While the case purported to come here on a report of his disposition of certain of plaintiff's requests for rulings, such requests have no standing in a case stated. *Simons* v. *Cambridge Savings Bank,* 346 Mass. 327, 329. In acting upon them, however, the trial justice correctly refused to rule that a finding was warranted for the plaintiff and was not warranted for the defendant.

The result would be no different if we assume, as was probably the case, that there actually had been a default in the mortgage giving the plaintiff a right to possession under the terms thereof, and that such fact had been overlooked in stating the agreed facts.

The plaintiff contends in its brief that there must be a finding in its favor under the Uniform Commercial Code, relying on subsection (4) of § 9-103 of chapter 106 of the General Laws, which provides that:

> "Notwithstanding subsections (2) and (3), if personal property is covered by a certificate of title issued under a statute of this state or any other jurisdiction which requires indication on a certificate of title of any security interest in the property as a condition of perfection, then the perfection is governed by the law of the jurisdiction which issued the certificate."

The plaintiff calls attention in its brief, for the first time, to a statute of Michigan, entitled "Motor Vehicle Retail Installment Sales Act," which the plaintiff says "requires indication on the certificate of title of any security interest in the property on it," and to a Michigan case to the effect that in view of the recording of the chattel mortgage in Michigan "one who purchases (the car) cannot be a bona fide purchaser." Michigan did not adopt the Uniform Commercial Code until January 1, 1964 — Ch. 440 of the Compiled Laws of Michigan, 1948.

Even if we may take judicial notice of the law of Michigan although not brought to the attention of the trial justice (See G.L. c. 233, § 70; *Medeiros* v. *Perry*, 332 Mass. 158), there is nothing in the agreed facts to show that the chattel mortgage here involved came within the purview of the cited statute, the text of which is not set forth in the plaintiff's brief, or that this particular car was covered by a certificate of title. The plaintiff in its argument assumes those to be facts. Their absence is fatal to the plaintiff's contention. Where the personal property is not covered by a certificate of title then subsection (3) of said section 9-103 becomes applicable, the pertinent provisions of which read as follows:

> If personal property (with exceptions not here material) is already subject to a security interest when it is brought into this state, the validity of the security in-

terest in this state is to be determined by the law (including the conflict of laws rules) of the jurisdiction where the property was when the security interest attached. . . . . . . . . . . If the security interest was already perfected under the law of the jurisdiction where the property was when the security interest attached and before being brought into this state, the security interest continues perfected in this state for four months and also thereafter if within the four-months period it is perfected in this state. The security interest may also be perfected in this state after the expiration of the four-month period; in such case perfection dates from the time of perfection in this state. If the security interest was not perfected under the law of the jurisdiction where the property was when the security interest attached and before being brought into this state, it may be perfected in this state; in such case perfection dates from the time of perfection in this state.

The agreed facts do not state the date on which the car was brought into Massachusetts. Therefore it could not have been inferred that the date of sale of the car to the defendant was within four months of the date on which it was brought into Massachusetts, in which event under subsection (3) the security interest perfected in Michigan would have continued through the date of said sale. Without such fact

being established, however, perfection of the security interest in this state dated from the "recording" of the mortgage here, by which time the sale to the defendant had already taken place. A finding in defendant's favor was therefore also required even if it be assumed that a default existed in the mortgage. **The report is ordered dismissed.**

ARTHUR J. ESKIN,
   for plaintiff
ROBERT U. HOLDEN,
   for defendant