*Northern District*

No. 6938

**FREDERIC S. CLAYTON, Trustee**

v.

**MARTIN GREBEL**

Argued: Jan. 29, 1969  Decided: Mar. 26, 1969

*Present:* Brooks, P.J., Connolly, Yesley, JJ.

Case tried to *Taylor, J.* in the Municipal Court of Roxbury District No. 49,352

*Yesley, J. This is an action of contract* for the recovery of a sum allegedly due under a tax escalation clause contained in a lease. The defendant's answer consisted of a general denial and an allegation of payment. The case was tried on an agreed statement of facts, summarized below.

The lease in question was executed on July 29, 1966 by Imperial Apartments Corp., whose interest as lessor was assigned to the plaintiff on October 16, 1967, and by the defendant as lessee. The premises were described as apartment No. 7 at 471 Boston Turnpike, Shrewsbury, Massachusetts, and were demised for a term of one year commencing on July 1, 1966, with an automatic renewal clause under which the term was extended to June 30, 1968. It contained the following tax escalation clause:

"However, if in any tax year commencing with the year 1966 the real estate taxes on the land and buildings, of which the demised premises are a part, are in excess of the amount of the real estate taxes thereon for the year 1965 Lessee will pay to Lessor as additional rent hereunder when and as designated by notice in writing by Lessor 1/12th of such excess that may occur in each year of the term of this Lease and proportionately for any

part of a calendar year during the term hereof."

The plaintiff claims that there was such an excess in 1967 based on the following facts. On January 1, 1965 the real estate owned by Imperial Apartments Corp. on the Boston Turnpike consisted of land only, which was assessed for $10,000.00. The tax rate for that year was $32.00 per thousand. No buildings were assessed until 1967, by which year six apartment buildings, including building No. 471, had been constructed, the last mentioned building having been completed by July of 1966 when said lease was executed. In 1967 the entire land was assessed for $48,000.00 and building No. 471 at $11,000.00. The tax rate for that year was $33.50 per thousand. It was agreed that if the Court should find for the plaintiff it should be in the amount of $324.11 with interest from November 8, 1967. That amount was arrived at by taking as the base year (1965) figure the taxes for that year on 1/16th of the entire land area, and by including in the figure for the applied year (1967) not only the taxes for that year on 1/16th of the entire land area but also on building No. 471.

There was a finding for the defendant, which at the request of the plaintiff, the trial justice reported to this Division for our determination. He also reported his disposition of certain of the plaintiff's requests for rulings.

We have before us a case stated, since the agreed statement contains all of the material facts upon which the rights of the parties are to be determined. *Rogers* v. *Attorney General & Others*, 347 Mass. 126, 130; *Caissie* v. *Cambridge*, 317 Mass. 346, 347. It was the duty of the trial justice to order the judgment required by the application of the correct principles of law to the facts stated. *Richard D. Kimball Co.* v. *Medford*, 340 Mass. 727, 728, 729; *Caissie* v. *Cambridge*, supra 347; *Murphy* v. *Plymouth National Bank*, 22 Mass. App. Dec. 36, 38. On review, we may draw from those facts any inferences that the trial justice could have drawn, G.L. c. 231, § 126. We are not bound by the inferences drawn by the trial justice. *Caissie* v. *Cambridge*, supra 347. Hence, we decide the questions of law involved unaffected by his decision. *Rogers* v. *Attorney General & Others*, supra 130.

The tax escalation clause in the lease before us is not an uncommon one. The wording is unambiguous, and the question of the existence of an excess for a given year should readily be resolved by a simple arithmetic computation. What complicates the situation here is the plaintiff's contention that the taxes on building No. 471 should be included in computing the taxes for the year 1967, even though no tax was assessed on that building in 1965, the base year. The defendant counters with the argument that the tax clause (printed ex-

cept for blanks for insertion of the designated years) contemplated a base year in which the building as well as the land would be assessed, that with 1965 typed in as the base year the clause was rendered "unrealistic" and as the trial justice found "was not openly and fairly arrived at", all leading to the conclusion that it is not entitled to any force or effect. We do not agree.

This is a case where the language of the contract is clear and unambiguous on the face of it. There are no obscure words requiring explanation. The fact that, when applied to the given situation they produce a result not anticipated by one of the parties is no ground for not enforcing it. See *Hiller* v. *Submarine Signal Co.*, 325 Mass. 546, 550. Plain words are to be given their plain meaning where no inconsistency results or there is no controlling indication in the instrument of other intent. *Forte* v. *Caruso*, 336 Mass. 476, 480.

The trial justice's findings that "the terms of the lease were not openly and fairly arrived at" does not aid the defendant. If this is tantamount to a finding of fraud practiced by the original lessor, it is not justly inferred from the agreed facts. There is nothing therein that suggests that any representation was made by the lessor of the facts as they existed in 1965, that there was any discussion at all relative to the tax clause, or that any misrep-

resentation of fact was made by the lessor which induced the execution of the lease by the defendant. *Cf. Golding* v. *108 Longwood Avenue, Inc.,* 325 Mass. 465, 467.

If this special finding is construed as suggesting that the original lessor knew that no assessment was made on a building in 1965 and failed to convey such information to the defendant, here again it is our view that the agreed facts do not support the drawing of such inference, and even if they did, no authority is cited and we are aware of none that such circumstances would render the clause unenforceable.

The facts would not warrant the construction advocated by the defendant on the ground of unjust enrichment. See *Zarum* v. *Brass Mill Materials Corp.,* 334 Mass. 81, 85.

We conclude that a finding for the plaintiff was required. Since this is a case stated we need not concern ourselves with the disposition of the plaintiff's requests for rulings. *Simmons* v. *Cambridge Savings Bank,* 346 Mass. 327, 329.

The parties having agreed on the amount of damages that should be awarded should the plaintiff prevail, it is unnecessary to remand the case to the District Court for an assessment thereof. **It is ordered that the finding for the defendant be vacated and that a finding for the plaintiff be entered on the**

docket of the District Court in the amount of $324.11, with interest from November 8, 1967, as agreed.

WILLIAM LENDER
  for plantiff
JOHN W. SPILLANE
  for defendant