Hines, Geraldine S., J.
Plaintiff, Commerce Insurance Company (“Commerce”), commenced this action against defendants, Angelica Blackburn (“Angelica”) and Steven Blackburn (“Steven”) (collectively the “Blackburns”), seeking declaratory judgment on the limit of coverage available to the Blackburns under the Underinsured Motorist provisions of the Seventh Edition Massachusetts Auto Policy issued to the Black-bums by Commerce. This case is now before the court on the parties’ cross motions for summary judgment. For the reasons set forth below, Commerce’s motion is ALLOWED and the Blackburn’s motion is DENIED.
BACKGROUND
The undisputed facts and disputed facts considered in the light most favorable to the plaintiff are summarized as follows. On May 9, 2008, Steven was driving the Blackburn’s 1997 Ford Explorer when it was involved in an accident with a vehicle driven by Helen Viera (“Viera”). The Ford Explorer went off the road and rolled over causing bodily injuries to Steven. Angelica, who was a passenger in the vehicle, also sustained bodily injuries.
As a result of the accident, Steven incurred medical bills in excess of $65,000, lost wages in excess of $15,000 and was totally disabled for at least 12 weeks. Likewise, Angelica incurred medical bills in excess of $225,000, lost wages in excess of $16,000 and was totally disabled for at least 13 weeks.
Viera was insured by Travelers Insurance Company (“Travelers”) at the time of the accident. The coverage limits for bodily injury to others under her policy was $50,000 per person and $100,000 per accident. Travelers paid $50,000 to each of the Blackburns, thereby exhausting the limits of that policy.
Because the outlay from Travelers failed adequately to cover the damages that they suffered, the Black-bums were able to take advantage of the Underin-sured Motorist Coverage (“UIC”) provided under their Commerce auto insurance policy. A disagreement, however, arose between Commerce and the Black-bums as to what amount the Blackburns were entitled to through their UIC.
The complete language of the policy’s UIC provisions is set forth on pages 21-23 of the policy. On page 23, the policy distinguishes between the amount of damages paid when one person is injured in an accident and the amount of damages paid when more than one person is injured in an accident. The paragraph governing injury to one person (hereinafter, “Paragraph A”) reads:
If only one person sustains bodily injury, we will pay any unpaid damages up to the difference be *360 tween the total amount collected from the automobile bodily injury liability insurance covering the legally responsible owners and operators of all insured autos and the “per person” limit shown for this Part on your Coverage Selections Page. This is the most we will pay for injuries to one or more persons as the result of bodily injury to any one person in any one accident.
The paragraph governing injury to multiple people (hereinafter, “Paragraph B”) states:
Subject to the “per person” limit, if two or more people sustain bodily injury and are entitled to coverage under this Part, we will pay any unpaid damages up to the difference between the automobile bodily injury liability insurance “per accident” limit covering the legally responsible owners and operators and the “per accident” limit shown for this Part on your Coverage Selections Page. This is the most we will pay for injuries to two or more people as the result of bodily injury to two or more people in any one accident. (Hereinafter, referred to as the “Multiple-person Paragraph.”)
The Coverage Selections Page referred to in the above quoted paragraphs lists the UIC per person limit as $100,000 and the UIC per accident limit as $300,000.
The parties’ dispute centers on the interpretation of the phrase “per person limit” in Paragraph B. The Blackburns contend that the phrase means they are each entitled to damages of up to $100,000. Commerce, however, argues that the phrase limits the Blackburns to a maximum recoveiy of $50,000 each. The parties request a declaratoiy judgment by the court stating the amount of UIC available from Commerce to pay the Blackburns’ claims beyond the $50,000 received from Travelers.
DISCUSSION
I. Standard of Review
Summary judgment is appropriate when there is no genuine issue of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983). The Statement of Agreed Facts entered into by the parties in the present case contains all the material facts upon which their rights are to be determined and constitutes a case stated. See Cassie v. Cambridge, 317 Mass. 346, 347 (1944).
Consequently, the only function for the court is to apply the correct principles of law to those agreed facts. See Id.
II. Analysis
When interpreting an insurance policy, its terms “must be given [their] ordinary meaning . . . and construed in the sense that the insured will reasonably understand to be the scope of his coverage.” Slater v. United States Fid. & Guar. Co., 379 Mass. 801, 803 (1980). Where the language is ambiguous, i.e. capable of more than one rational interpretation, it must be interpreted in the way most favorable to the insured. Hakim v. Massachusetts Insurer’s Insolvency Fund, 424 Mass. 275, 281-82 (1997).
Applying these principals to the present case, it is evident that Commerce correctly limited their payout to the Blackburns to $50,000 each. The court concurs with Commerce that the phrase “per person limit” in Paragraph B means the UIC’s stated per person limit ($100,000) less the total amount collected from the legally responsible driver’s automobile bodily injury liability insurance (in this instance, $50,000). The court disagrees with the Blackburns that the phrase “per person limit” simply refers to the UIC’s stated per person limit without qualification. While the Blackburn’s reading of the phrase is certainly plausible, a careful reading of the UIC provisions in their entirety makes it evident that this is not a rational interpretation.
First, the Blackburn’s interpretation leads to an absurd result where a person can recover a greater amount after an accident under Paragraph B if she had other parties seeking to recover under her policy than if she was the only person entitled to bring a claim and therefore subject to Paragraph A. Here, both Angelica and Steven were injured and so their recovery is governed by Paragraph B under which they claim that they are entitled to $100,000 each. But if circumstances had been different and only one of them had been injured, then the situation would be governed by Paragraph A. Under that paragraph, it is clear that the person injured would only be entitled to $50,000. It seems unreasonable that the Blackburns are each entitled to $50,000 more under Paragraph B than under Paragraph A just because they were injured together. See Starr v. Fordham, 420 Mass. 178, 192 (1995) (observing that an interpretation which gives a reasonable meaning to all the terms is preferred to an interpretation which leaves a part unreasonable).
Second, the Blackburn’s interpretation ignores language on page 22 of the policy, which makes it apparent that the ultimate amount an insured receives is subject to the amount collected from the responsible party. That language indicates that the insurer “will reduce the damages an injured person is entitled to recover by . . . the total amount collected from automobile bodily injuiy liability insurance covering legally responsible owners and operators of all insured autos.”
When all the UIC provisions are taken into account, it becomes clear that the phrase “per person limit” cannot mean the UIC’s stated per person limit of $100,000 alone. Rather, it must denote that amount reduced by “the total amount collected from automobile bodily injury liability insurance covering legally responsible owners and operators of all insured autos.” Consequently, Commerce’s interpretation is the only rational interpretation of the phrase.
*361 ORDER
Accordingly, Commerce’s motion for summary judgment is ALLOWED and the Blackburn’s cross motion for summary judgment is DENIED. Judgment shall enter for the plaintiff.