## G. JARIS COMPANY *vs.* BANQUE D'ATHENES.

Suffolk.    October 19, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Letter of Credit. Contract,* Construction, Performance and breach. *Words,* "Validity."

A letter of credit issued by a bank to an exporting merchant in Boston, relating to a draft to be issued upon the sale to a merchant in Greece of Labrador codfish, contained the provision: " Expires Jan. 14th, 1919. Draft must be presented on or before that date." By reason of subsequent negotiations of the plaintiffs, the bank telegraphed to the exporter, " we extend validity until February first 1919." The goods were put on board in Newfoundland at some time between January 31 and February 5, 1919. Drafts and necessary shipping documents were presented to the bank on February 19, 1919. In an action by the exporter against the bank, it was *held,* that

(1) The words, " we extend validity until February first 1919," were susceptible of no other meaning than that the extension of " validity " of the letter of credit was of its validity as a whole, with all its terms, and included an extension of its time limit only to the date named;

(2) The word " validity " did not refer to the date of shipment;

(3) The written instrument being unmistakable in its meaning, its construction was not affected by the geographical situation of the place of shipment of the goods nor by the fact that only one steamship cleared from that place during January or February, 1919, for any port in Greece;

(4) There not having been strict compliance with the provisions of the amended letter of credit before the date of its expiration, the bank was not liable.

In order to enforce liability of a letter of credit which contains a provision fixing a date for its expiration, there must be strict compliance with its terms before that date.

CONTRACT for $74,400, alleged to be due to the plaintiff in accordance with the provisions of a letter of credit described in the opinion. Writ dated January 30, 1920.

In the Superior Court, the action was heard by *McLaughlin*, J., without a jury. Material facts are described in the opinion. At the close of the evidence the plaintiff asked the judge to rule as follows:

" 10. That the presentation of the documents on the day specified in the letter of credit is not a condition precedent to the plaintiff's right to recover in this case."

The judge refused so to rule and found for the defendant. The plaintiff alleged exceptions.

*H. Loewenberg,* (*T. H. Greene* with him,) for the plaintiff.

*F. W. Knowlton,* for the defendant.

RUGG, C.J. This is an action of contract to recover damages for the alleged failure of the defendant to pay sums of money in accordance with the terms of its letter of credit. The plaintiff is engaged at its place of business in Boston extensively in exporting food products to foreign countries. Through one Tarsouli, a commission merchant doing business in Athens, Greece, the plaintiff negotiated with the Dimitriou Compagnie of Piræus, Greece, for sale to it of one hundred twenty tons of Labrador codfish. In order to finance the transaction and to provide security for payment, Tarsouli, acting in behalf of the Greek importer, arranged with the defendant for the issuance of a letter of credit sufficiently large to cover cost, insurance and freight. The plaintiff declares on the letter of credit, which was directed to the plaintiff at St. Johns, Newfoundland, and was dated December 14, 1918. The original letter and the two amendments were issued by the American Express Company at the request and for the account of the defendant. It opened a confirmed credit for $74,400, available by draft at sight,

covering the shipment of one hundred twenty tons of codfish CIF, Piræus, and set out in some detail the terms of shipment, documents required and other matters. It contained these words: " Expires Jan. 14th, 1919. Draft must be presented on or before that date." The declaration alleges that this original letter of credit was modified by another letter dated January 3, 1919. It amended the original letter by reducing payment to be made thereon to one half the amount of the original credit, the shipper drawing for balance against documents. The American Express Company, in transmitting the advice, added, " Other conditions remain unchanged." This modification is not material to the grounds on which this decision rests. The declaration further alleges that the original letter was again amended under date of January 20, 1919. This second amendment, referring to the original letter of credit of December 14, 1918, and subsequent correspondence, provided amongst other matters, " accept bills of lading 120 tons cod Labrador from St. Johns Newfoundland paying half value merchandise basis price $380. per ton insurance marine and war included plus freight basis $90. per cubic meter. Balance value $190 per ton shipper will draw against documents here our responsibility for payment draft exclusively stop we extend validity until February first 1919." The American Express Company in transmitting the amendment added, " We have amended the terms of our credit in accordance with the above. Other conditions remain unchanged."

The goods were delivered into the possession of Harvey and Company, Ltd., St. Johns, Newfoundland, agents for the steamship Eskasoni, on or about January 28, 1919, and were put on board ship probably between January 31, 1919, and February 5, 1919, the trial judge not being able to determine the precise date. Drafts and the necessary shipping documents were presented on February 19, 1919.

The question is whether on these facts the defendant is liable on its letter of credit as amended, on which alone the plaintiff declares.

The nature of a letter of credit and the liability of the drawer or writer to the person to whom it is addressed and

for whose benefit it is drawn, and the obligations of the latter in order to establish his right to recover on a letter of credit, were discussed at considerable length with a somewhat full collection of authorities in *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, recently decided. It is not necessary to go over the ground again. The principles there stated must be accepted as the basis of this judgment. The bank as the writer of the letter of credit will not be bound to accept and pay bills or drafts drawn against it, unless the holder of the letter of credit conforms in every material particular to the authority conferred, and complies with all essential conditions set forth, by the letter of credit.

It is plain that the time of the letter of credit, as first drafted and sent, by its express terms expired on January 14, 1919. Draft presented to the defendant after that date would impose on it no liability whatever. It is not contended that the first amendment contained in the letter of January 3, 1919, made any change in this provision as to the time of the credit. Since there was no compliance with this term of the letter of credit as thus amended, the plaintiff's entire case rests upon the second amendment.

It is plain that the second amendment under date of January 20, 1919, extended the time for presenting draft or demanding any payment of the defendant under the credit only until the first day of February, 1919. The original letter of credit had expired by its own terms on January 14, 1919, six days earlier than the date of the second amendment. Its validity must be revived before any liability could arise under it. In such circumstances the words, " we extend validity until February first 1919," were used in the letter of January 20, 1919. Those words are susceptible of no other meaning than that the validity of the letter of credit as a whole, with all its terms, was extended until the date named, including its time limit. The word " validity " cannot be confined to shipment. There is nothing in the original letter of credit or either of its amendments concerning the date of shipment of the goods. The only vital date fixed in the original letter of credit was the date of its expiration, in connection with provision that draft must

be presented on or before that date.    Manifestly, the " validity " of the original letter of credit came to an end on January 14, 1919.    That was the only date affecting and determining its "validity."    The only extension of that date was in the words last above quoted.    Those words cannot by any fair construction be interpreted as referring to date of shipment, a matter to which theretofore no reference had been made.    The only " validity " of the original letter which could be extended, having due regard to the meaning of words according to their usual and approved significance, was the date of its expiration on or before which presentment must be made to the defendant in order to hold it liable. The natural and necessary import of the words, " we extend validity until February first 1919," in the amendment of January 20, 1919, is that February 1, 1919, is substituted for January 14, 1919, stated in the original letter of credit as the vital date.    Except as thus modified, the original letter stood unchanged in this particular.    The date on or before which the liability of the drawer of the letter of credit shall become fixed is as matter of natural inference the important date to all parties.    Reading all the documents together, their meaning is that by the amendment of January 20, 1919, the " confirmed credit " expired on February 1, 1919.    The liability of the defendant ceased on that date if not fixed before then by presentment and demand.

This construction of the letter and its amendments is not affected by the geographical situation of Newfoundland nor by the fact that only one steamship cleared St. Johns during January or February, 1919, for any port in Greece.    The written instrument is unmistakable in its meaning.

Where a date is fixed as the time for the expiration of a letter of credit, that becomes an important and essential condition.    There must be strict compliance with it before there can be liability on the part of the bank issuing the letter of credit.    *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, and cases there collected.    *Barde Steel Products Corp.* v. *Franklin National Bank*, 281 Fed. Rep. 814.

There is nothing inconsistent with this conclusion in *Krakauer* v. *Chapman*, 45 N. Y. Supp. 127, affirmed in 162 N. Y. 623.

It is unnecessary to consider the mistranslations made by the American Express Company in transmitting the amendments of the defendant to the original letter of credit, for they have no relation to the ground of this decision.

*Exceptions overruled.*