## Southern District

### CURTIS D. CHASE, JR.

v.

### JOHN HANCOCK MUT. LIFE INSURANCE CO.

and

### EMMA C. BOGARDUS

*Present:* Nash, P. J., Welch and Sgarzi, JJ.

Case tried to *Kupka, J.,* in the District Court of Brockton. No. 18536.

*Welch, J.* This is an action of contract against the defendant insurance company, in which the plaintiff who was named beneficiary in a life insurance policy written on the life of one Arthur H. Morse, seeks to recover the proceeds of the policy after the death of said Morse.

The defendant filed a petition of interpleader under G. L. c. 231, §40 admitting its liability on the policy in the sum of $338.53, and stating that it made no claim to the funds and that one Emma C. Bogardus had made claim, as well as the plaintiff. Emma C. Bogardus was then joined as a party defendant. The insurance company paid into court the sum of $328.53, having been allowed costs of $10.00.

The answer of Emma C. Bogardus was a general denial and an allegation that the plaintiff was named beneficiary for the purpose of assuring payment, at least in part, of the decedent's funeral expenses, that such funeral was provided by a person other than the plaintiff, that no other funds were available, and that if the plaintiff was made beneficiary, no gift was intended but that the intent of the decedent was to make the proceeds of the policy available for his burial.

The plaintiff duly made the following requests for rulings:

1. The party defendant in interpleader by failing to answer the plaintiff's demand for admission of facts within the statutory period is deemed to have admitted such facts.

2. The party defendant is bound by her admission of the facts stated in the plaintiff's demand.

3. The facts stated in the plaintiff's demand and admitted by the party defendant are sufficient to continue a prima facie case in favor of the plaintiff to enable the plaintiff to maintain this action.

4. By the facts stated in the plaintiff's demand and admitted by the party defendant, a finding for the plaintiff is required.

5. On the law and all the evidence a finding in favor of the plaintiff is required for it is admitted that:
   a. The plaintiff is the lawful beneficiary named in the policy at the death of the assured;
   b. The insurer has duly received at its Home Office in Boston such evidence of the validity of the policy, payment of premiums and proof of death as it deemed satisfactory, and
   c. The party defendant has shown no grounds or status which would establish her right to the proceeds.

6. Upon the death of the assured the interest of the plaintiff, as beneficiary, ripened into an absolute right in the proceeds of the insurance.

7. The party defendant can not be permitted to show in this action that the rights of the plaintiff as beneficiary to the proceeds were subject to any conditions, restrictions, or limitations not contained in the policy.

The Court warrantably made the following "Findings" and dealt with the plaintiff's request for rulings as follows:

"This is an action brought by the plaintiff, an undertaker or funeral director, seeking to recover as a beneficiary under a life insurance policy of Arthur Morse (hereafter to be referred to as the decedent.)

The plaintiff testified that he was made a beneficiary as the result of his (plaintiff's) friendship with the decedent and not in consideration of the plaintiff taking care of the funeral arrangements for the decedent. There was no credible evidence to support this contention.

I find that there was an agreement between the insured (Morse-decedent) and the beneficiary, (plaintiff) that the beneficiary was so designated for the sole purpose of making funeral plans for the burial of the decedent, that the proceeds of the life insurance policy were to be used for burial expenses, that the plaintiff had in the past buried the decedent's mother and said decedent desired to be buried alongside his mother and in order to accomplish this purpose selected the plaintiff, as an undertaker, to carry out this express purpose, and I find as a fact that the plaintiff agreed to do so. I find also as a fact that the plaintiff

failed to carry out his part of the agreement. As to the alleged friendship between the decedent and the plaintiff, I find that there is no credible evidence to support this contention as the decedent was ill in a rest home, the plaintiff was aware of the decedent's illness, yet the plaintiff did not visit his "friend." The decedent was an inmate of the Foxboro State Hospital where he died and the plaintiff did not at any time visit his friend, the decedent. The plaintiff stated to Mrs. Emma C. Bogardus that he, the plaintiff, had made arrangements at the Foxboro State Hospital to be notified immediately upon the death of the decedent so that he, the plaintiff could carry out the funeral plans in accordance with the decedent's wishes, I find that the plaintiff did not contact the said hospital and I also find that the plaintiff was untruthful in making these statements to Mrs. Bogardus.

Upon the death of the said decedent the said hospital notified Mrs. Bogardus who made arrangements for the burial of the decedent, who was buried alongside of his mother.
I find that the insured (decedent, Morse,) created an express trust, I find that there was an agreement between the insured (decedent) and the beneficiary (plaintiff) that said beneficiary (plaintiff) would apply the proceeds of the insurance policy for the insured's (decedent) burial expenses, I find that the beneficiary, plaintiff, failed to carry out said agreement."

I find that the plaintiff is not entitled to the proceeds of the insurance policy because of

the plaintiff's failure to comply with the terms of said trust agreement.

The defendant named, John Hancock Mutual Life Insurance Company, has deposited the funds in dispute with the Clerk of the District Court of Brockton and the Clerk of said Court is to hold said funds pending the appointment of an administrator of the said decedent's estate.

I find that there was no credible evidence presented by the plaintiff to support the plaintiff's contentions that the plaintiff was entitled to the proceeds of said insurance policy.

As to the plaintiff's requests for rulings —

numbers 1-2-3-6-7--allowed

numbers 4-5 denied, as not being in accord with the evidence presented and in view of my finding that a trust had been created."

We think there was no error. The plaintiff, who was an undertaker, testified that he had known Morse socially for about ten years, had taken him for rides and had done favors for him without charge. Morse had discussed with him arrangements to be buried alongside his mother. He expected that his services as undertaker would be availed of in the event of Morse's death although he had not made this known to either the nursing home or the State Hospital.

The judge had the right to infer that when the plaintiff was made beneficiary, Morse did not intend to make a gift to him, but intended that his funeral expenses would be paid.

The judge had the right to find, as he did, that a trust was created.

■ "The question whether there is an intention to create a trust, where the language used is ambiguous, although it arises most frequently in the case of testamentary dispositions, may arise also in connection with transactions inter vivos. Thus where a person takes out a policy of life insurance and subsequently tells the beneficiary of the policy that he wants him to make a certain disposition of the proceeds, the question arises whether he intends to leave it to the beneficiary to carry out the purpose or not as he may choose. The question in each case is whether he not merely desired that the beneficiary should make the disposition but also intends to impose a legal duty upon him to make the disposition. If his language, in the light of all the circumstances is interpreted as showing an intention to impose a duty upon the beneficiary to carry out the purpose, a trust is created. If, on the other hand, he does not manifest an intention to impose such a duty, no trust is created, and the beneficiary is at liberty to carry out the purpose or to keep the proceeds. Scott on Trusts, 2d Ed. Vol. 1, s. 252, pp. 201-202."

■ "It is a general rule that a judge's general and special findings are to stand if warranted upon any possible view of the evidence." *Moss v. Old Colony Trust Co.*, 246 Mass. 139, 143-144.

■ "His general finding imports a finding of all subsidiary facts and the drawing of all permissible inferences in its support." *NYC RR v. Marinucci Bros. & Co., Inc.*, 337 Mass. 469.

Nor do we think there was any error in the manner in which the judge disposed of the case by ordering the clerk of the court to hold the funds pending the appointment of an administrator.

"Interpleader lies when a party is exposed to several actions for the same demand, is ready to satisfy proper claimant's demand and asserts no personal interest in the subject matter." *Conway v. Kenney,* 273 Mass. 19.

The insurance company has not objected to this disposition of the case, and the plaintiff has no right to object, in view of the court's finding that he is not entitled to the funds.

Since we find no prejudicial error the report is ordered dismissed.

*Lewis H. Miller,* of Brockton for the Plaintiff.

*Lyne, Woodworth & Evarts,* of Boston for John Hancock Mutual Life Insurance Company.

*Keith, Reed & Wheatley,* of Brockton for Emma Bogardus.