*Northern District*

No. 7893

## DAVID R. COPELAND

v.

## ANDREW MOSS ET AL

Argued: Oct. 5, 1972 - Decided: Oct. 30, 1972

*Present:* Parker, P.J., Mason, J.

Case tried to *Thompson, J.* in the Central District Court of Northern Essex, No. 115 of 1971.

**Parker, P.J.** This action of tort for conversion to recover the value of household appliances taken from real property purchased by the plaintiff from a corporation which had bought them from the defendants on credit and on a simultaneously executed security agreement with the defendants. Under this agreement the defendants retained a security interest but the said security interest was not recorded. The defense is a general denial and that the plaintiff was not the owner of the appliances.

The evidence upon which the case was decided was an agreed statement of facts, as follows:

The plaintiff (hereinafter called the vendor) entered into a contract with a corporation to purchase a home which it was to complete. Under the terms of this contract the vendor was to supply and install an electric heating range with a hood for the same and a dishwashing machine as a part of the transaction between the plaintiff and the vendor. Prior to the conveyance by the vendor to the plaintiff, the ven-

dor ordered these articles from the defendants on credit and simultaneously executed a security agreement with the defendants allowing the defendants to retain a security interest on these appliances. No financing statement covering the appliances was ever filed.

The appliances were delivered, at the vendor's direction, by the defendants to the home, the defendants understanding that the home was to be sold. The vendor placed the range, hood and dishwasher in the positions they would occupy if and when they would be affixed. The plaintiff inspected the home and noted the presence of the range, hood and dishwasher, but did not learn of the defendant's security interest therein. Before the plaintiff accepted the conveyance of the home, the plaintiff ordered other appliances from the defendants and directed the defendants to deliver them to the home. Subsequent to this the vendor indicated to the defendants that the proposed sale of the home would not be consummated and that the defendants were to remove the range, hood and dishwasher which the defendants did on 3 November 1970 without informing the plaintiff.

The vendor conveyed the home to the plaintiff. After the conveyance the plaintiff learned of the removal of these appliances and made demand upon the defendants for their releases. The defendants have refused to comply with this demand.

The court found for the defendants and the plaintiff appeals from this finding.

■■■. Since the agreed statement of facts was the only evidence in the case and since the report states that it contains all the evidence material to the question reported, this is a "case stated".

*Cassie* v. *Cambridge*, 317 Mass. 346, 347 and cases therein cited.

■■■ By virtue of G.L. c. 231, § 126 this Division may draw from the facts stated any inferences of fact that might have been drawn therefrom at a trial unless the parties expressly agree that no inferences may be drawn. However, the inferences drawn by the trial judge from the facts stated are not binding upon this Division, and questions of fact as well as law are open for our review upon this appeal. *Cassie* v. *Cambridge*, 317 Mass. 346.

■■■. In order to maintain this action for conversion it is necessary for the plaintiff to prove that he has complete property right, special or general, and that at the time of the taking by the defendant, he had actual possession or the right to immediate possession. *Donahue* v. *Leventhal*, 302 Mass. 393, 394. *Massachusetts Lub. Corp.* v. *Socony-Vac. Oil Co.*, 305 Mass. 269, 271.

The agreed facts show that the defendants, while the sale of the home by the vendor to the plaintiff was still pending, took possession of the appliances under a security agreement with

the vendor and without any objection on its part. At that time, the appliances were not attached to the realty. The defendants being informed that the sale to the plaintiff would not be consummated, took steps to protect his security agreement with the vendor and took out the appliances. At that time the plaintiff did not have possession of the articles nor did he have a right to them since the sale of the real estate had not been completed.

Not having possession or the right to possession the plaintiff cannot recover.

The fact that the no financing statement was filed does not aid the plaintiff for, by the provisions of G.L. c. 106, § 305, the defendant by repossessing these appliances perfected his security interest.

The finding and order for judgment for the defendant is affirmed. **Report Dismissed.**

PETER CONSTANTAKES
   for Plaintiff
THOMAS S. ALLISON, JR.
   for Defendant