**MISTER JAY FASHIONS, INC.,**
**Plaintiff**

vs.

**BAY BANK MIDDLESEX, N.A.**
**and James P. BLATCHFORD,**
**Defendant**

**No. 8705**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**December 22, 1981**

**Sumner H. Smith, Esq.,** counsel for plaintiff.
**James D. McGinley, Esq.,** counsel for BayBank Middlesex.
**Richard P. Branson, Esq.,** counsel for James P. Blatchford.

### OPINION

**Cowdery, P.J.** This is an action in contract to recover the sum of $875.00 pursuant to a letter of credit issued to the plaintiff, Mister Jay Fashions, Inc. (Mister Jay), by the defendant Bay Bank Middlesex, N.A. (bank) as executed by the defendant James J. Blatchford.

The case was tried in the lower court upon the following oral and written stipulations of the parties:

1. "The Bank is a national banking association with a usual place of business in Burlington,

Massachusetts.

2. "The Clothes Garden Corporation, a Massachusetts' corporation in existence at all times pertinent thereto, requested some time in early September of 1976 that the Bank write a letter to Mister Jay in order to enable it to receive certain clothes from Mister Jay.

3. "As a result of that request, Blatchford prepared on Bank letterhead a letter dated September 24, 1976 addressed to Mister Jay. A true and accurate copy thereof is annexed as Exhibit A hereto.

4. "At all times pertinent hereto, Blatchford was an employee of the Bank.

5. "Blatchford had authority to issue letters of credit.

6. "Such letter was mailed to and received by Mister Jay shortly after September 24, 1976. In reliance upon such letter, Mister Jay delivered merchandise ('the goods') to the Clothes Garden Corporation to the value of $975.

7. "The goods in issue were shipped from the Plaintiff to the Clothes Garden Corp. on September 30, 1976.

8. "Mister Jay at no time has forwarded an invoice with respect to the goods either to Blatchford or to the Bank.

9. "In February of 1977, the Clothes Garden Corporation ceased operation of its business and liquidated all of its assets.

10. "The Bank first received demand with respect to the September 24, 1976 letter by letter dated August 19, 1977. That letter enclosed a photocopy of a 'straight bill of lading - short form,' a copy of which is annexed as Exhibit B hereto.

11. "The Bank since August of 1977 has been unable to verify with Clothes Garden personnel that the goods shipped in October of 1976 arrived and were accepted and were in good order, although it has made efforts to do so."

The agreed statement submitted by counsel for all parties contained a further stipulation entitling the court to draw all reasonable inferences from the parties' stipulations, and to require the taking of additional evidence.

The purported letter of credit which forms the basis of this litigation was addressed to the plaintiff upon the letterhead of the defendant bank over the signature of the defendant Blatchford. The letter stated:

"This will confirm to you that this bank will guaranty payment of $875.00 for the Clothes Garden Corporation.

"Please forward invoice to my attention. Upon receipt and upon confirmation that the goods have arrived and are accepted, we will forward our bank check."

The trial court rendered judgment for both defendants, and found, **inter alia,** that:

"the above letter is not a guarantee for a national bank may not issue a guarantee of the obligation of third parties. I find that the letter of September 24, 1976 was a letter of credit issued by the Bay Bank. However, I find that the plaintiff did not apply with the conditions specified in the letter of credit. Although Exhibit B indicates that certain clothing merchandise was shipped by the plaintiff to Clothes Garden Corp., this exhibit, a photocopy of a 'straight bill of lading-short form' was delivered to the bank in August, 1977, six months after the Clothes Garden Corporation ceased operation of its business. The plaintiff never forwarded an invoice mentioned in the letter of credit to either defendant....Although the Bay Bank has made efforts, it has not been able to verify that the clothing merchandise shipped in October, 1976 to Clothes Garden Corp. had arrived, was accepted and was in good order...."

"I find that the obligations of the defendant Bay Bank would not arise until the plaitniff complied with the terms of the letter of credit. The plaintiff did not comply with these terms. Therefore, I find for the defendant Bay Bank.

"I also find for Mr. Blatchford for there is no evidence indication he was acting in any capacity other than as an employee of the bank."

The plaintiff is presently before this Division on a charge of error in the above findings and rulings of the trial court.

1. The parties' stipulations or agreed statement of facts constituting the only evidence introduced at trial and may thus be deemed a "case stated." **Parker v. Morrell,** 59 Mass. App. Dec. 34, 35 (1976); **Copeland v. Moss,** 49 Mass. App. Dec. 150, 153 (1972). The responsibility of this Division is to order the correct judgment upon a case stated, **Mulcahy v. The Travelers Ins. Co.,** 42 Mass. App. Dec. 141, 147 (1968), without reference to the decision of the trial justice. **Kilfoyle v. Liberty Mutual Ins. Co.,** 56 Mass. App. Dec. 134, 137-138 (1975) and cases cited. All questions of fact and law are open to review, **Daniello v. Bay Banks, Inc.,** Mass. App. Div. Adv. Sh. (1978) 369, 372, and all reasonable inferences may be drawn from the statement of facts irrespective of whether the same are contrary to conclusions reached in the trial court. **Clayton v. Grebel,** 42 Mass. App. Dec. 190, 194 (1969).

2. The plaintiff's right to recover the $875.00 merchandise payment at issue from the defendant bank is necessarily derived from the only agreement operative between the parties; namely, the letter of September 24, 1976. We do not construe said letter as a standard guaranty of the debts of a third party despite the use of the term "guaranty" therein.[1] Indeed, the document in question clearly constitutes a "letter of credit" within the purview of Article 5 of the Uniform Commercial Code, G.L.c. 106, § 5-101 et. seq. General Laws c. 106, § 5-102 provides that Article 5 specifically applies to "(a) a credit issued by a bank if the credit requires a documantary draft, or a documentary demand for payment...." Section 5-103 defines a letter of credit as:

"(a)...an engagement by a bank or other person made at the request of a customer and of a kind within the scope of this Aritcle (section 5-102) that the issuer will honor drafts or other demands for payment upon compliance with the conditions specified in the credit....

"(b) A 'documentary draft' or a 'documentary demand for payment' is one honor of which is conditional upon the presentation of a document or documents. 'Document' means any paper including document of title, security, invoice, certificate, notice of default and the like."

The bank's September 24, 1976 letter, which extended credit at the request of its customer Clothes Garden Corporation and which assured payment to the plaintiff upon the presentation of an invoice, conforms to the above definition and thus clearly qualifies as a "letter of credit" under G.L.c. 106, § 5-103.

---

1. A guaranty customarily signifies "not a primary, but a collateral undertaking. The ordinary meaning of the word is that someone else is primarily liable for a debt and that the guarantor will pay it **if the primary debtor does not** (emphasis supplied)." **Charlestown Five Cents Sav. Bk. v. Wolf,** 309 Mass. 547, 549 (1941). See also, **Merrimack Valley Nat'l Bk. v. Baird,** 59 Mass. App. Dec. 100, 106 (1976). The pledge by the defendant bank herein that "upon receipt and upon confirmation that the goods have arrived and are accepted, we will forward our bank check" does not constitute a contingent or collateral obligation. Although the letter entails an extension of credit for the contractual debt of a third party, the obligation of the Bank is primary and unqualified by either a requirement of initial resort to the third party for payment or a default in such payment by the third party. See, **Doral Country Club, Inc. v. O'Connor,** 355 Mass. 27, 31 (1968); **Keith v. Thomas,** 266 Mass. 566, 571 (1929).

3. The bank's issuance of the letter of credit in question did not automatically entitle the plaintiff to receive payment for the merchandise shipped to Clothes Garden Corporation. General Laws c. 106, § 5-114 states that:

> "An issuer must honor a draft or demand for payment **which complies with the terms of the relevant credit** regardless of whether the goods or documents conform to the underlying contract for sale or other contract between the customer and the beneficiary. The issuer is not excused from honor of such a draft or demand by reason of the additional general term that all documents must be satisfactory to the issuer, but an issuer may require that specified particular documents must be satisfactory to it (emphasis supplied)."

As a prerequisite to recovery herein, the plaintiff was thus obligated to prove that its documentary demand to the defendant bank for payment strictly conformed to the terms of the letter of credit at issue. It is well established that:

> "The bank as the writer of the letter of credit will not be bound to accept and pay bills or drafts drawn against it, unless the holder of the letter of credit conforms in every material particular to the authority conferred, and complies with all essential conditions set forth by the letter of credit."

**G. Jarvis Co. v. Benque D'Anthenes,** 246 Mass. 546, 549 (1923).

The specific requirement of the letter of credit herein was an invoice.[2] The plaintiff submitted, however, only a bill of lading - short form to the bank. A bill of lading is generally a "receipt of the quantity and description of the goods shipped, and a contract to transport and deliver them as specified in the instrument." **L.L. Cohen & Co. v. Director Gen. of R.R.,** 247 Mass. 259, 264 (1924). See also, **L. E. Fosgate Co. v. Atlantic Coast Line R. R. Co.,** 263 Mass. 192, 197 (1928). Said document is thus merely evidence that delivery or carriage has been contracted for by the seller-shipper. It is not proof of actual delivery of the goods. Similarly, the bill of lading in the instant case contained only a general description of the goods as coats and dresses. Missing from the document were a satisfactorily detailed description of the goods and a recitation of those additional terms respecting price, payment etc. which are customarily set forth in an invoice or bill of sale. The bill of lading presented to the defendant bank herein could thus not be deemed an invoice as required by the letter of credit.

The failure to proffer the requisite invoice, and thus to submit a proper documentary demand for payment, precluded the plaintiff's right to recover under the bank's September 24, 1976 letter of credit. **Moss v. Old Colony Tr. Co.,** 246 Mass. 139, 151-152 (1923); **Murdock v. Mills,** 52 Mass. (11 Metc.) 5, 10 (1846). "When the writer of the letter of credit makes compliance with a requirement a condition precedent to the establishment of its liability, there must be such compliance before it can be held liable." **Moss v. Old Colony Tr. Co., supra** at 156.

4. The agreed statement of facts. submitted by all parties to this action also did not warrant a finding against the defendant Blatchford.

The evidence clearly states that Blatchford was an employee of the defendant bank with full authority to issue letters of credit. The letter in question herein was issued upon the letterhead of the bank, and unequivocally extended bank credit with a promise of payment in the form of a bank check. The sole rational inference

---

2. We express no opinion as to whether the letter of credit herein also required the plaintiff to submit a "confirmation that the goods (had) arrived and (were) accepted." Neither party advanced this construction of the letter of credit in written or oral argument before this Division. Moreover, the plaintiff's failure to present an invoice to the defendant bank is dispositive of this appeal. Consideration need not be given to the plaintiff's non-compliance with possible additional terms of the letter of credit.

that may be drawn from such evidence is that the letter of credit was a contract executed in the name of a disclosed principal by an authorized agent acting within the scope of his employment. Consequently, no personal liability attended defendant Blatchford's execution of the letter of credit herein. **Stern v. Lieberman,** 307 Mass. 77, 80 (1940) and cases cited.

5. The trial court properly entered judgment for the defendants herein. There being no error, the report is hereby dismissed.

So ordered.<br>
<b>Elliot T. Cowdrey, P.J.</b><br>
<b>Richard L. Banks, J.</b><br>
<b>James B. Tiffany, J.</b>

This certifies that this is the opinion of the Appellate Division in this cause.

<b>Charles R. Jannino</b><br>
<b>Clerk, Appellate Division</b>