Tierney, J.
The issue before this court for review is whether the trial court (Canavan, J.) was correct in issuing a finding for Commonwealth Bank, on an action for interpleader, (assessing damages in the amount of $1,629.29) and against defendant Esther Gens on her Chapter 93A counterclaim.
On May 7,1982, after being presented with competing claims for $6,948.51, an amount being held in account under the names of defendant Gens and her deceased father, Samuel Kruleff, Commonwealth Bank, as a disinterested stakeholder, instituted a complaint for interpleader under Dist./Mun. Cts. R. Civ. P., Rule 22 naming Esther Gens and Deutsche Bundesbank as defendants. Defendant Gens filed an answer and counterclaim under G. L., C.93A on June 2,1982, and on June 18,1982 plaintiff answered the counterclaim by denying liability.
Subsequently both parties filed motions to amend their pleadings both of which were assented to by the opponent party. Commonwealth Bank’s amendment added a prayer for relief on September 26, 1986 requesting “reasonable costs and attorneys’ fees incurred in conjunction” with its action for interpleader. The case was decided by Judge Harold Canavan of the Boston Municipal Court on an agreed statement of facts. The trial court found for the plaintiff, Commonwealth Bank, on both the amended complaint for interpleader and the defendant Gens’ counterclaim and dismissed the action as against defendant Deutsche Bunderbank.
By her report, defendant Gens claims to be aggrieved by the following two findings:
1. That the plaintiff, Commonwealth Bank and Trust Company was warranted in charging the defendant, Esther Gens, the fair and reasonable value of the legal services performed for it in conjunction with the preparation and filing of the interpleader action.
2. That the actions of Commonwealth Bank and Trust Company did not violate Chapter 93A.
The evidence upon which the trial court based its findings was contained in the “Agreed Statement of Facts”, the substance of which is as follows:
*128 After opening a jointly held “NOW” account at Commonwealth Bank on September 2,1977 with defendant Gens, Samuel Kruleff began to deposit into said account his pension checks from Bezirksamt fur Wiedergutmachung, Saarburg drawn on the bank of its agent, First National Bank of Boston. These checks were endorsed “Samuel Kruleff.” On November 28, 1979 Samuel Kruleff died, however, this fact did not immediately become known to either Saarburg, First National Bank, or Commonwealth Bank, and pension checks in the name of Samuel Kruleff continued to be issued. These checks, issued after November 28, 1979, and totalling thirteen (13) in number were endorsed “for deposit only” and deposited in the NOW account of Commonwealth Bank.
By letter dated February 6,1982, Commonwealth Bank was informed that the thirteen checks deposited into the NOW account after November 28,1979 represented pension payments, that First National Bank as agent of Saarburg was authorized by a power of attorney signed by Kruleff to be repaid the proceeds of any check paid to Kruleff after his death from any bank holding said funds, and that Samuel Kruleff had died on November 28, 1979. First National Bank demanded immediate return of the thirteen pension payments totaling $6,948.61.
As a result of receiving said demand, on February 10,1982, Commonwealth Bank removed $6,948.61 from the Gens/Kruleff NOW account and deposited it into a separate interest bearing NOW account. Commonwealth Bank then notified the defendant Gens that it had received demand from First National Bank as agent for Saarburg for the proceeds of the thirteen pension checks, had segregated said funds, and would remit those funds to First National Bank unless instructed otherwise. Not only did defendant Gens not agree to the remittance, but she made her own demand, by letter dated February 22, 1982, that the funds be returned to her NOW account.
After both parties repeated their demands, First National Bank by letter dated March 1, 1982 and defendant Gens by letter dated March 30, 1982, Commonwealth Bank on April 26, 1982 offered to restore the funds to the Gens/Kruleff NOW account upon presentation of evidence that Gens was entitled to the funds. Defendant Gens produced no such evidence.
On May 7,1982 Commonwealth Bank filed a Complaint for Interpleader to resolve the competing claims to the funds. Subsequently, Gens admitted that the funds should be remitted to Saarburg’s agent and, after Commonwealth Bank received notice that the $6,948.51 had been received by First National Bank, it released $6,766.67 to defendant Gens. This amount represents the proceeds of the thirteen checks plus accrued interest, minus $1,529.29 for attorneys’ fees and costs incurred by Commonwealth Bank in connection with the interpleader action.
Since this matter was heard on an agreed statement of facts, the appeal comes before the court as a “case stated”. Copeland v. Mass., 49 Mass. App. Dec. 150, 153 (1972). As such, the only question before us is whether the decision of the trial court was correct on the facts stated and the proper inferences therefrom. Rock v. Pittsfield, 316 Mass. 348, 349 (1944); Richard D. Kimball Co. v. City of Medford, 340 Mass. 727, 729 (1960). We hold that the judgment of the trial court was correct.
The parties to this action agree that $1,529.29 represents the fair and reasonable value of attorneys’ fees and costs incurred by Commonwealth Bank in conjunction with the interpleader action. The issue upon-which the parties disagree is whether Commonwealth Bank was entitled to any attorneys’ fees at all. Here, Commonwealth Bank and Trust Company, acting as a *129 disinterested stakeholder, was attempting to resolve legitimately expressed competing claims to the funds in the NOW account. An action in interpleader is the proper vehicle to resolve such a dispute. See Chase v. John Hancock Mutual Life Insurance Company, 18 Mass. App. Dec. 95(1960), also G.L. c. 167D, sec. 24. It does not, however, follow that as a disinterested stakeholder Commonwealth Bank should have to bear the financial burden of resolving a dispute to which it is not a part. This is precisely the type of situation where costs and attorneys’ fees are appropriately awarded, G.L. c. 167D, sec. 24. Hence, the fair and reasonable value of the legal services performed by Commonwealth Bank was properly chargeable to the defendant Gens.
Since we have found that the action for interpleader brought by Commonwealth Bank in this instance was appropriate and proper, and that attorney fees were properly assessed, we find no merit in Gens’ Chapter 93A counterclaim. The action of the Commonwealth Bank, far from being an unfair and deceptive practice within the meaning of G.L. c. 93A, was the only prudent course to take given the nature of the competing claims it found itself confronted with. This is the exact situation that the legislature envisioned when it enacted Dist./Mun. Cts. R. Civ. P., Rule 22. To label the acts of the Commonwealth Bank unfair and deceptive would fly in the face of all that was intended by a Rule 22 complaint for interpleader. The trial court did not err in finding for the plaintiff on Gens’ Chapter 93A counterclaim.
Accordingly, the findings and judgment of the trial court are affirmed and the report is hereby dismissed.