STEPHEN R. PATTELENA *vs.* LOUIS H. SEGEL &˙another.

Middlesex.   December 3, 1963. — January 30, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Corporation,* Officers and agents, Contracts.   *Agency,* Scope of authority. *Contract,* Parties.   *Equity Pleading and Practice,* Appeal.

A corporation was not bound by a contract where, although the contract designated in its first clause the corporation and one S, who was its president, as the "party of the second part" and provided that that "party" agreed to discharge an attachment placed by the corporation on certain land and to release an easement in that land from a mortgage held by S, the name of the corporation did not appear as one of the signatories to the contract, which was signed only by the party of the first part and by S, not purporting to sign in behalf of the corporation, and it was warrantably found that the corporation neither authorized the making of the contract nor ratified it.   [728–729]

---

Pattelena *v.* Segel.

The plaintiff in a suit in equity, having failed to obtain in the trial court relief on the theory on which, the record showed, the case was tried there, was not entitled on appeal to seek in this court relief on another theory never urged in the trial court. [729–730]

BILL IN EQUITY filed in the Superior Court on May 3, 1961.

The plaintiff appealed from the final decree entered after hearing by *Paquet, J.*

*Irving Goodman* for the plaintiff.

*Sidney G. Brown* for the defendants.

SPALDING, J. This bill in equity seeks to compel specific performance of an agreement alleged to have been made between the plaintiff on one side and the corporate defendant (Segel & Ostrovitz Company, Incorporated, hereinafter called the corporation) and the individual defendant Segel on the other. The evidence is reported and the judge made findings of material facts.

The facts which led to the agreement are these. Segel held a mortgage on a parcel of land (lot 16B) in Malden, which stood in the name of one Fonzi. The plaintiff desired to have Segel release an easement from the operation of the mortgage. The corporation, in connection with an action against Fonzi, had placed an attachment on lot 16B. The plaintiff wanted to have this attachment discharged. On January 25, 1961, the plaintiff and Segel executed the agreement which is the subject of this controversy. The first clause of the agreement recites that it was made by the plaintiff as party of the first part and by Segel and the corporation as party of the second part. The agreement, however, was signed by the plaintiff and Segel; the name of the corporation was not included as a signatory; nor did Segel sign the agreement as an officer of the corporation.

The agreement provided that the "party of the second part" in consideration of the payment of $650 to be paid within thirty days after April 3, 1961, "agrees to . . . [d]ischarge of the attachment as it relates to lot 16B" and release of the easement from the operation of the mortgage held by Segel on lot 16B. Within the time called for performance, the plaintiff tendered the consideration and called upon the defendants to perform.

The principal question is whether the corporation is obligated to discharge the attachment. The judge's findings on this issue are as follows: The defendant corporation is composed of the members of two families, namely, the Segel and German families. Each family owns fifty per cent of the stock. Segel is president of the corporation. Samuel German and his son Hyman are treasurer and clerk, respectively. The board of directors consists of the defendant Segel, Della Alpert, and Hyman and Bessie German.

"The [d]efendant Segel signed the agreement Louis H. Segel and also purported to bind the corporation but he did not sign the corporate name or sign it as an officer of the corporation. The bald signature of Louis H. Segel appears on the agreement with that of the [p]laintiff. There was no vote of the corporation to enter into this agreement or any act or vote ratifying the action of Segel. It was the burden of the [p]laintiff to prove that Segel had authority to bind the corporation and I find and rule that the [p]laintiff has failed to sustain the burden of proving that the act of Segel was the act of the corporation for which it can now be held responsible." The judge further concluded that the agreement in question was between the plaintiff and Segel and that the corporation never executed the agreement, did not authorize or ratify its execution, and was not bound by it.

A decree was entered dismissing the bill as to the corporation and ordering Segel to release the easement from the operation of the mortgage.[1] The plaintiff appeals.

In order to prevail the plaintiff must show that the judge was plainly wrong in concluding that the corporation was not bound by the agreement. Although the corporation together with Segel is described in the first sentence of the agreement as "party of the second part" its name does not appear as one of the signers. Only the plaintiff and Segel signed the agreement and he did not purport to sign it on

---

[1] With respect to the release of the easement the decree recites that Segel "consents to such release and waives payment therefor."

behalf of the corporation. It was not, as the judge found, executed so as to bind the corporation. *Guernsey* v. *Cook,* 117 Mass. 548, 550. And, on the findings of the judge, Segel had no authority to bind the corporation. The judge found that there was "no vote of the corporation to enter into this agreement or any act or vote ratifying the action of Segel." This finding was supported by the evidence and was not plainly wrong.

"The authority to manage the business affairs of a corporation is primarily vested in its board of directors. Its president and treasurer, merely as the holders of those offices, have little or no inherent power to bind the corporation outside of a comparatively narrow circle of functions specially pertaining to their offices. . . . In the cases in this Commonwealth in which a president or a treasurer has been held to have general authority to make contracts it will be found that such authority has been delegated to him either expressly, by means of some by-law or vote of the directors relative to the matter in question or granting to the officer the powers of a general manager, or impliedly by reason of his continued exercise of similar powers in such a manner that knowledge and approval of the directors or of a majority of them can reasonably be inferred." *Kelly* v. *Citizens Fin. Co. of Lowell, Inc.* 306 Mass. 531, 532-533. The judge on the evidence could have found that Segel had no express authority to make the agreement, that he had not been granted the powers of a general manager by the directors, and that he had not exercised the powers of a general manager or similar powers in such a manner that knowledge and approval of the directors could be inferred.

The plaintiff argues that inasmuch as Segel entered into the agreement he should be required to obtain a discharge of the attachment on lot 16B; or, in the alternative, the case should be reserved for hearing on the assessment of damages as a result of Segel's failure to obtain a discharge. We are of opinion that it is not open to the plaintiff to ask for this relief. It is apparent from the pleadings, the evidence, and the findings that this was not the relief sought in

the court below. The case appears to have been tried on the theory that the corporation was bound by the agreement and should be ordered to release its attachment on lot 16B. Having failed to obtain this relief, the plaintiff in this court seeks relief on a theory which apparently was never urged in the court below. This he cannot do. "The theory of law on which by assent a case is tried cannot be disregarded when the case comes before . . . [this court] for review." *Kagan* v. *Levenson,* 334 Mass. 100, 106.

*Decree affirmed with costs of appeal.*