*Southern District*

**LEE CHEVROLET, INC.**

v.

**JORGE COTE, JR.**

*Present*: Nash, C. J., *Cox, Lee, JJ.

Case tried to *Connolly, J.* in the District Court of Northern Norfolk, No. 52691.

*Cox, J.* This is an action in two counts, the first in tort and the second in contract. The count in tort alleges in substance that on or about May 20, 1964 the plaintiff permitted the defendant to operate and test drive a motor vehicle "for the purpose of purchasing" it and that while operating it the vehicle was damaged because of the defendant's negligence. The count in contract makes the same allegations as those in count one and the additional allegation of an oral agreement by the defendant to reimburse the plaintiff for repairs made by the plaintiff in reliance upon the defendant's agreement.

There was a finding of $225.00 for the plaintiff in the tort count and for the defendant in the contract count.

The defendant claiming to be aggrieved by the finding against him, the case was reported for our determination.

The case was submitted on agreed facts amounting to a case stated. It was therefore incumbent upon the justice to order the correct judgment on the agreed facts. Requests for rulings have no standing. *Richard D. Kimball v. Medford,* 340 Mass. 727, 728-729.

The defendant, a minor, with the plaintiff's permission, alone took the vehicle for a road test in order to inspect, examine and appraise it. Before taking the vehicle out, the defendant deposited $25.00 towards the purchase price. While operating the vehicle on the dealer's plates the defendant damaged it. The defendant admits that the accident in which the vehicle was damaged was caused by his ordinary negligence but denies his liability to the plaintiff for the damage because of his minority.

■ The finding for the plaintiff was error.

> "The general rule is that contracts of minors are voidable at the option of the minor in accordance with the policy of the law to afford protection to minors from their own improvidence and want of sound judgment. .... Ordinarily one deals with a minor at his peril."

*Frye v. Yasi,* 327 Mass. 724, 728. The justice obviously recognized the rule to the extent that he found for the defendant under the count in contract. But he erred in not applying the rule to the minor's tort *ex contractu*.

> ■ "The general rule is, of course, that infants are liable for their torts....but the rule [liability for torts] is not an unlimited one, but is to be applied with due regard to the other equally well settled rule that, with certain exceptions, they are not liable on their contracts; and the dominant consideration is not that of liability

for their torts but of protection from their contracts."

*Slayton v. Barry,* 175 Mass. 513, 515. The subject is fully considered in that case.

██ The relationship between the parties pertaining to the motor vehicle was contractual whether it be regarded as a contract of bailment (see *Stuart v. D. N. Kelly & Son, Inc.,* 331 Mass. 76) or a contract of sale on approval, G.L. c. 106, §2-326 (1). The negligence of the defendant which resulted in damage to the plaintiff's vehicle was related to and directly connected with the contract concerning the vehicle. Therefore, the defendant, as a minor, having disaffirmed the contract, the plaintiff may not proceed against the defendant either in contract or for tort arising from the contract. In other words, the plaintiff may not accomplish in tort what it is denied in contract against the minor.

In *Knudson v. General Motorcycle Sales Co. Inc.,* 230 Mass. 54, 55 it was held on the authority of *Slayton v. Barry,* 175 Mass. 513, that there could be no recovery against a minor in tort for deceitfully misrepresenting his age, or for damages to a motorcycle (found not to be a necessary) while in his possession and used by him under a contract of conditional sale. Recovery [by the minor] of the money paid toward the purchase of the motorcycle was also allowed.

In *Godfrey v. Mutual Finance Corporation,* 242 Mass. 197, 200 a minor disaffirmed

a purchase of stock and recovered back the money paid unaffected by the subsequent depreciation of the corporate assets.

In *Kelly v. Halox,* 256 Mass. 5, 8 it was held that a minor who disaffirms a contract need not put the other party thereto *in statu quo* before bringing action to recover what he has parted with.

We are not called upon to decide what the conclusion would be had the defendant damaged the plaintiff's vehicle because of gross negligence. See *Dow v. Lipsitz,* 283 Mass. 132, 135.

An order should be entered reversing the finding for the plaintiff under count one and ordering judgment for the defendant.

Theodore C. Merlo, of Wellesley, for the Plaintiff.

Robert A. Aronson, of Wellesley, for the Defendant.