*Southern District*

**ROBERT ARRUDA**

v.

**HEARTHSTONE INSURANCE CO. OF MASS.**

*Present*: Nash, P. J., Murphy, J.

Case tried to *Owen, J.* in the First District Court of Bristol. No. 637.

*Murphy, J.* This is an action of contract, and the plaintiff's declaration in substance alleges the defendant issued two policies of insurance to him in consideration of his payment of the premiums, that on November 2, 1962, while said policies were in effect, he was disabled by an accident covered by the terms of the policies, and that he had submitted due proof thereof to the defendant and has not been paid.

The defendant's answer was a general denial, and a further averment that the disability suffered by the plaintiff did not occur under circumstances covered by the contracts of insurance.

The case was submitted upon an agreed statement of facts, as follows:

"Both parties agree as follows: 'The plaintiff held two policies submitted herewith as Exhibits 'A' and 'B' which were in effect November 2, 1962. On that date the plaintiff drove a truck from Taunton to Boston for his employer, Taunton Hardware Plumbing and Supply Company, for the purpose of picking up merchandise and transporting it

to Taunton.

" 'He parked the car at 439 Tremont Street, Boston, and proceeded to load the truck with merchandise. After loading, he was in the process of leaving the back portion of the truck by a door on the right side. He placed his left hand on the side of the truck and jumped of. His wedding ring on his left ring finger caught on a piece of metal on the side of the truck causing personal injuries. He received medical treatment for his injured hand, and was out of work for more than 15 weeks, the benefit period covered by the policy. He received hospital treatment on two days as an out-patient. In the event that the plaintiff's injuries were covered by his Hearthstonepolicies, he would be entitled to $30 per week for 15 weeks, $450 plus $8 for hospital treatments. Due notice and proof of claim was submitted by the plaintiff to the defendant.' "

The issue between the parties is the interpretation of Section B of the policy in the second paragraph thereof, including the words "while actually driving or riding in any automobile, bus, trolly bus, taxicab or truck".

No other evidence was introduced.

The defendant filed five requests for rulings, three of which were granted, and two of which were denied.

The plaintiff filed two requests for rulings, both of which were granted.

The judge made a finding for the plaintiff in the sum of $458.00.

The pleadings and the insurance policies

marked as exhibits are incorporated in the report by reference, and the report states that it contains all of the evidence material to the issues reported.

The defendant claims to be aggrieved by the refusal of the court to grant its rulings Nos. 3 and 5, and by the allowance of the plaintiff's rulings Nos. 1 and 2, and the finding for the plaintiff.

It is well settled that when an issue is presented as a case stated, the judge is not required to pass upon the requests for rulings of law. A statement of an agreement of all the pertinent facts amounts to a case stated. *Murphy v. Plymouth National Bank,* 22 Mass. App. Dec. 36 and see *Associates Discount Corp. v. Gillineau,* 322 Mass. 490, where the court said, "It was the duty of the judge to order the correct judgment upon the case stated. The requests for rulings of law had no standing". *Redden v. Ramsey,* 309 Mass. 225, and *Howland v. Stowe,* 290 Mass. 142.

In view of the foregoing, we treat this as a case stated, and, therefore, disregard the requests for rulings filed. The question before us, therefore, is whether or not upon these facts the judgment of the court is supported in law.

The real issue is the interpretation of Section B of the policies, and more specifically, the second paragraph thereof reading, *"while actually driving or riding in any automobile, bus, trolly bus, taxicab or truck".*

In *Green v. National Ballas Hess*, 124 So. 2d 397, a decision by the Louisiana Circuit Court of Appeals, the plaintiff was a helper on a semi-trailer garbage truck, who was engaged in hooking on the trailer to the driving unit when he was injured. The trial judge held that he was neither driving nor riding in a motor vehicle while he was around back attaching the two parts together, and that it was immaterial that he had been riding just before the accident. It said that there was no ambiguity and therefore no basis for other construction.

Our case would appear to be similar in that there is no ambiguity in the words "while *actually driving or riding* in any automobile". The plaintiff in the instant case was in the process of leaving the truck after having loaded it, and in the process of leaving, injured his right hand. He definitely was not driving or riding in the truck at that time.

There are two late cases in which our Supreme Court has interpreted language similar to that contained in the case before us.

In *Nichols Company, Inc. v. Travelers Insurance Co.*, 343 Mass. 494, the court held that the *unloading of a truck,* which was transporting bales of wool, was *incidental* to the transportation of the bales, and further that the "use" of the truck in such unloading was "operation of the motor vehicle" within the meaning of the policy. This case is distinguished later in *Improved Machinery, Inc. v. Merchants Mutual Insurance Co.*, 349 Mass.

461. In this case "use" was defined to include the *loading and unloading* of the vehicle. The court said the insertion of the loading and unloading clause in the policy was not intended to restrict the coverage otherwise afforded as to use of the motor vehicle, but rather to extend the *meaning of the word "use"* and, therefore they further concluded that a *fork-lift operator* was *using* the truck while he was attempting to load a piece of used machinery with the forklift from the ground on to the truck in question.

Following this line of reasoning, it could be said that the loading of the truck in the instant case was incidental to driving and riding in the vehicle. This would seem reasonable, except for the fact that in the case at hand the word *"actually"* is used. No cases in Massachusetts have been brought to our attention on this particular point.

Websters Dictionary, 2nd Edition 20th Century defines "actually" as an adverb meaning, *in fact, really*—actually. Actually is a word of limitation and cannot be construed otherwise in our opinion.

In *New Amsterdam Casualty Company v. Rust,* 164 Tenn. 22, cited by the defendant in his brief, the insured was standing on the running board of a moving, passing coupe when the car slid into a ditch, killing him. His policy covered him while actually riding in an automobile. The court said he was not actually in the automobile and thus was not covered by the words of the policy, reversing

the lower court.

We are constrained to rule that the words *actually driving* or *riding* must be taken to mean what they say, and they actually limit the coverage to that particular act and no other, either by implication or otherwise.

The decision of the judge on the case stated was in error, and an order should be entered directing a verdict for the defendant.

Philip J. Assirian, of Taunton, for the Plaintiff.

Richard H. Lee, of Boston, for the Defendant.