CHESTNUT MANOR, INC. *vs.* NICHOLAS ABRAHAM. July 29, 1983. *Guaranty. Contract*, Construction of contract.

The plaintiff sought recovery on a "guaranty" executed by the defendant of a note secured by a second mortgage. The case was submitted to

the trial court upon a statement of agreed facts, and judgment was entered for the plaintiff. We affirm.

On September 1, 1959, trustees of M & N Realty, owner of property in Brookline ("the property"), gave a note, secured by a second mortgage, in the amount of $155,000 to the plaintiff. There was at that time a $280,000 first mortgage on the property. On June 24, 1967, the defendant, who then held title to the property, and the plaintiff executed a document in which the plaintiff agreed to subordinate the second mortgage to a new first mortgage of $300,000. In exchange, the defendant agreed, among other things, to guarantee the "punctual payment of the note secured by said second mortgage," explicitly stating that his "liability . . . on this Guaranty shall be direct and not conditional or contingent upon the pursuit of any remedies against maker or makers, endorser or endorsers, or any collateral held as security for the payment of said note."

Subsequently, the property was twice conveyed. On May 10, 1971, without the defendant's knowledge or consent, the plaintiff executed an agreement with South Boston Savings Bank subordinating the second mortgage to a new first mortgage of $550,000. South Boston foreclosed in 1974, ultimately leaving a balance due on the second mortgage note of $24,697 plus interest, which sum the plaintiff sought from the defendant.

Contrary to the defendant's assertion, he is not a mortgagor, a surety, or even a simple guarantor. See *Charlestown Five Cents Sav. Bank* v. *Wolf*, 309 Mass. 547, 549 (1941); *Doral Country Club, Inc.* v. *O'Connor*, 355 Mass. 27, 31 (1968); White & Summers, Uniform Commercial Code § 13-12 (2d ed. 1980). "The instrument declared on was a simple contract with the defendant. It was not a guaranty involving a third party, because the defendant's obligation, unlike a guarantor's, ran directly and originally to the plaintiff." *Doral Country Club, Inc.* v. *O'Connor*, *supra*. The defendant was a primary obligor on the note secured by the second mortgage.

The defendant's argument that the second subordination, to which he did not consent, constituted an impairment of collateral discharging his liability is without merit. Because the contract terms permitted the plaintiff to seek payment of the note directly from the defendant without first seeking recourse from the makers or collateral, the existence, amount, or availability of the collateral was irrelevant. Therefore, the unconsented to subordination, even assuming it may have impaired the collateral, did not alter in any way the obligation undertaken by the defendant. He was unconditionally liable for the payment of the note.

*Judgment affirmed.*

*Mitchell J. Sikora, Jr.*, for the defendant.
*Warren F. Fitzgerald* for the plaintiff.