Shubow, J.
This case involves a controversy between a commercial tenant and its landlord over which is liable for the cost of heating the tenant’s premises. The Report sets forth that “The .parties submitted an agreed statement of facts to the District Court reciting the following facts ...” Because no facts other than those included in the agreement appear to have been considered[1] we treat the case as a case stated.[2] As a case stated, our duty *76 is simply to inquire whether the decision of the trial judge was right on the facts as stated and reasonable inferences arising from them. Rock v. Pittsfield, 316 Mass. 348, 349 (1944); Arruda v. Hearthstone Insurance Co. of Mass., 34 Mass. App. Dec. 97, 100 (1966).
The agreed facts indicate that the plaintiff is lessee of commercial space under a lease containing the following provision:
7. Utilities: The LESSOR shall provide and LESSEE shall pay for all LESSEE’S utilities, water and sewer use charges. LESSOR agrees to furnish reasonable heat to the leased premises, the hallways, stairways, elevators, and lavatories during normal business hours on regular business days of the heating season of each year, to light passageways and stairways during business hours, all subject to interruption due to any accident, to the making of repairs, alterations or improvements, to labor difficulties, to trouble in obtaining fuel, electricity, services or supplies from the sources from which they are usually obtained for said building, or to any cause beyond the LESSOR’S control.
The present lessee’s assignor had paid for the gas necessary to heat the demised premises. The plaintiff also paid a total of $8,023.41 for gas heat disputing, however, that it was obligated to do so.[3] The trial judge construed paragraph 7 as obligating the defendant lessor to pay for the fuel necessary to furnish the heat required to be furnished. We agree with the trial judge.
The problem arises because the first sentence of the paragraph distinguishes between the lessor’s duty to provide and the lessee’s duty to pay for all lessee’s utilities, water and sewer use charges. (Emphasis supplied.) Because of the accident that gas companies are considered to be utilities (See G.L.c. 164, §1, Definitions), the defendant not unreasonably argues that “furnish” should be read to mean physically furnish, with the obligation to pay for what is furnished, falling under the first sentence of the quoted lease provision. But if that were so it would have been unnecessary to have a separate paragraph dealing with heat. We are unable to see why the language “LESSOR agrees to furnish reasonable heat to the leased premises” does not have the common sense meaning that the plaintiff is renting premises heated at the landlord’s expense. It will be observed that the landlord is not obliged to light or cool the tenant’s premises. The lease also exculpates the landlord in certain circumstances from the consequences of a failure to obtain fuel which supports the inference that he agreed to acquire the necessary fuel rather than simply furnish the means for its distribution and consumption. If the premises happened to be heated by oil, the defendant’s argument would utterly fail. We perceive no sound business reason why there should be an economic difference in the parties’ intentions based on the fuel source. Presumably plaintiff pays for the electricity it uses without protest because it is more commonly thought of as supplied by a public utility[4] and, more importantly, because the landlord undertook to “furnish reasonable heat to the leased premises.” ‘ ‘‘Furnish’ means to provide or supply. Its significance may vary with the connection in which it is found.” Panasuk’s Case, 217 Mass. 589, 593 (1914). In McQuade v. New York Central Railroad, 320 Mass. 35, 38 (1946), the court construed the word “furnish” as being the equivalent of “provide” and, in the context of a statutory requirement that railroads provide *77 uniforms to their conductors, held that the statute meant provide at the railroad’s expense. Lexicographers define furnish as synonymous with “provide.” See WEBSTER’S NEW UNIVERSAL UNABRIDGED DICTIONARY, 2nd ed., 1983. See also BLACK’S LAW DICTIONARY, 5th ed.
In this case, when the parties wished to separate the duty to supply from the duty to pay for what was supplied, they did so expressly. (“Expressio unius est exclusio alterius .. . While this maxim is not a rule of law and is to be applied with caution, it is an aid in construction where other clearer indications are lacking.” Iannelle v. Fire Commissioner of Boston, 331 Mass. 250, 252-253 [1954].)
For the reasons stated we order the Report dismissed as lacking any showing that the trial judge’s decision was not correct.

So ordered.

 The Report also states that it contains ail the evidence material to the question reported.

 The question of whether it is in all respects a case stated is more than technical. If there was other evidence before the trial court, the scope of review before this Division would be different and requests for rulings necessary to separate the trial judge’s findings of fact from his conclusions of law. Moreover, we would be foreclosed from considering legal issues not raised in the tried court and properly preserved for review. Bushnell v. Bushnell, 393 Mass. 462 (1984). Every “agreed statement” does not constitute a “case stated” because of the possibility that additional facts were before the court. In this case one such critical fact could be the question of which party drafted the lease in dispute. The agreed statement of facts here does not state within its corners that it contains all the facts material to the issues. See Delle Chiaie v. Commonwealth, 363 Mass. 771, 772 (1968). For a fuller discussion of when an “agreed statement of facts” may not be a “case stated” see Pequod Realty Corp. v. Jeffries, 314 Mass. 713, 715 (1943). See also Nolan, Civil Practice, §§642-643.

 The climate control system is run by gas tor heat in the winter and by electricity for air conditioning in the summer. The plaintiff makes no claim for reimbursement for the electricity payment.

 See G.L.c. 98, §28A; compare Pereira v. New England LNG Co., Inc., 364 Mass. 109, 114 (1973).