Forte, J.
The plaintiff instituted this suit to recover damages for the defendant’s breach of the parties’ contract for the purchase and sale of gasoline and for the defendant’s commission of unfair and deceptive trade practices in violation of G. L. c.93A, §11.
The parties stipulated to the entry of judgment against defendant McGee’s Gas Company, Inc. (“McGee’s”) in the sum of $8,500.00.
The remaining case against defendant James T. Speros was submitted to the trial court upon an Agreed Statement of Facts. This Statement indicated the following: On December 10, 1981, the parties executed a document entitled “Proposal to ADT” which constituted an agreement for the purchase of gasoline by the plaintiffs from McGee’s. This agreement was signed by defendant Speros “ [individually and for McGee’s Gas Co., Inc.” At the time of the contract’s execution, James T. Speros served as the Clerk and as a Director for the corporation, McGee’s Gas Company, Inc. The agreement provided, inter alia, that it was “cancellable by either party within thirty (30) days following receipt of written notification.”
The initial transaction under such agreement was completed by McGee’s *187 delivery of $10,000.00 worth of gasoline in accordance with the plaintiffs “Official Order” of December 10, 1981 and its check for $10,000.00. Both the plaintiffs “Official Order” to McGee’s and its prior in-house “Request for Approval” of such order expressly stated that these documents were drawn “per agreement dated 12/10/81.”
On February 10, 1981, the plaintiff issued a second Request for Approval and a second Official Order to McGee’s for gasoline. Both documents were again expressly premised on the parties’ agreement of December 10,1981. The plaintiff forwarded a second check in the sum of $10,000.00 to McGee’s on February 23,1982. McGee’s delivered, however, only $1,500.00 worth of gasoline. The defendants refused the plaintiffs demand to either refund the $8,500.00 balance of the plaintiffs second check or deliver $8,500.00 worth of fuel per the second purchase order. McGee’s Gas Company, Inc. ceased doing business in March, 1982.
The trial court issued subsidiary findings[2] and entered judgment for the plaintiff in the sum of $8,500.00 plus interest and costs.
1. The defendant claims in the report before this Division to be aggrieved by the trial court’s disposition of certain requests for rulings of law. As this case was submitted exclusively upon an agreed statement purportedly containing all material facts determinative of the parties’controversy, it is a case stated. Caissie v. Cambridge, 317 Mass. 346, 347 (1944); Magna Vend, Inc. v. Couranoyer, 1985 Mass. App. Div. 75, n. 2; Framingham U.A.W. Credit Union v. Pontiac Village, Inc., 41 Mass. App. Dec. 146, 418 (1969). Requests for rulings and the court’s subsidiary findings are irrelevant upon an appeal of a case stated. Kimball v. Medford, 340 Mass. 727, 727-728 (1944); Rock v. Pittsfield, 316 Mass. 348, 349 (1944); Lee Chevrolet, Inc. v. Cote, 34 Mass. App. Dec. 63, 64 (1966). The sole issue presented for review is whether the trial court’s ultimate finding can be sustained upon a consideration of the agreed facts. Ticknor v. Ticknor, 37 Mass. App. Dec. 206, 208 (1963); Simmons v. Cambridge Savings Banks, 23 Mass. App. Dec. 186, 190 (1962).
2. The court’s judgment for the plaintiff herein is easily sustained, for the liability of defendant James T. Speros for McGee’s breach of the parties’ contract for the purchase and sale of gasoline is patently clear from the December 10,1981 agreement. Speros signed said document both “individually” and as an agent for McGee’s. It is elementary that the defendant’s signature in his individual capacity constituted his acceptance of the terms of the parties’ undertaking and his consent to be personally and primarily bound thereby. See, generally, Patterson v. Segel, 346 Mass. 726, 728 (1964); Jump v. Sparling, 218 Mass. 324, 326 (191A); Chestnut Manor, Inc. v. Abraham, 16 Mass. App. Ct. 960, 961 (1983). The absence of any reference to Speros in the text of the contract does not obviate such personal liability, nor compel us to ignore or view as meaningless the individual signature in contravention of established rules of contract construction. Gloucester Mutual Fishing Ins. Co. v. Boyer, 294 Mass. 35, 39 (1936).
3. There is no merit to the defendant’s contention that the parties’ agreement signed by Speros had expired prior to the second fuel transaction at issue in this case. A contract of unspecified duration is customarily deemed *188 operative for a reasonable time until notice of termination. Simons v. American Dry Ginger Ale Co., 335 Mass. 521, 524-525 (1957); Lewis v. Worrell, 185 Mass. 572, 574-575 (1906). The inclusion in a contract or guaranty of an express provision for termination upon notice is susceptible of a reasonable inference that the parties intended such contract to continue in effect until cancellation by either partyin accordance with the termination clause. Where, as in the instant case, written notice of cancellation is not issued by either party, the condition precedent to contract termination remains unsatisfied and the parties’ contractual obligations and liabilities continue. Milona Corp. v. Piece O Pizza of America Corp.., 1 Mass. App. Ct. 839, 840 (1973).
The contract terminology employed by the parties cannot be reasonably construed as embodying an agreement limited to or envisioning a single transaction. References, inter alia, to “each purchase” suggest that the agreement of December 10,1981 defined the contours of a continuing arrangement for the purchase and sale of gasoline. Such an interpretation is consistent with defendant Speros’ approval and signature of the plaintiffs second Official Order which expressly incorporated by reference the parties’ agreement of December 10,1981.
4. There being no error, the report is dismissed.

 Relevant portions of these findings included the following: “Speros signed the proposal ‘individually and for McGee’s Gas Co., Inc.’ This signature clearly indicates that Speros intended to be personally liable in case of default by McGee’s. I further find that the December 10,1981 agreement applies to the second purchase order. The agreement was for an unspecified duration, but there was a termination mechanism provided for in the agreement.... Neither party gave the requisite written notice. The agreement was still in effect on February 20,1981 and Speros is personally liable for the second purchase."