Merrick, J.
This action by plaintiff St. Thomas Realty Fund, Inc. (“St. Thomas”) is for rent under a lease entered into by its predecessor in title, Bushmaster Realty Associates (“Bushmaster”). The defendants are the Namou Corporation (“the Corporation”) and its president, Nawal S. Namou (“Ms. Namou”).
The reported evidence indicates that on February 11, 1985, Bushmaster granted to Bank of New England (“BNE”) a mortgage on commercial property which Bushmaster owned at 101 Cambridge Street, Burlington, Massachusetts (“the property”). In connection with the mortgage, Bushmaster executed a security interest in and assignment of rents from the property in favor of BNE.
Thereafter, on August 1,1989, Bushmaster entered into a lease for a five year term[2] of 1,652 square feet of the property (“the premises”) for use as a retail printing shop. The text of the lease identified the lessee as “The Namou Corp. d/b/a Sir Speedy Printing.” The end of the lease was signed twice by Ms. Namou. She signed “Nawal S. Namou, Pres.” below the line “The Namou Corporation d/b/a Sir Speedy Printing” and above the typed entry “By: Nawal S. Namou, President.” Her second signature just below that was simply “Nawal S. Namou” on a line above an identical typed name. Ms. Namou also initialled each page twice, once as “N.S.N. Pres.,” and once simply “N.S.N.”.
The Corporation paid rent through August of 1990. In August, following authorization by the Land Court to do so, BNE made an entry on the property to foreclose and sell it. After a sale, BNE executed a Foreclosure Deed in favor of St. Thomas as well as an assignment of its interest in the assignment of rents.
St. Thomas offered a new lease to the defendants on different terms, but no new lease was formed. No rent was paid after August of 1990. St. Thomas then brought a summary process action against the Corporation only and on November 2,1990, obtained a judgment for possession and for damages in the amount of $9,085.95 for rent for the months of September, October and November, 1990. The defendants vacated the premises on November 2, 1990, and the premises have not been rented since. The summary process judgment against the Corporation has not been paid or appealed.
The present action was filed by St. Thomas in 1991 to recover rent from the Corporation from December, 1990 (which was not included in the summary process *144 judgment), and rent from Ms. Namou personally from September, 1990, including the rent covered by the unpaid summary process judgment. On November 18, 1993, after trial, the court found both defendants liable for rent from September 1, 1990 to “the present” in the amount of $36,357.29.
The defendants have appealed, claiming to be aggrieved by the denial of rulings they sought that there was no privity between the parties, that the obligation to pay rent was terminated by the foreclosure and sale, and that the evidence required a finding that Ms. Namou was not personally liable on the lease.
2. St. Thomas’ rights are no better than those of its predecessor, BNE. Where a mortgagee under a mortgage predating a lease makes an entry, forecloses and demands rent, he thereby terminates the lease. Moskow v. Fine, 292 Mass. 233, 235 (1935); International Paper Co. v. Priscilla Co., 281 Mass. 22, 29 (1932). However, a tenant remains liable for rent to the mortgagor or to an assignee of rents even after entry and foreclosure unless and until the mortgagee in possession (or, as here, its successor) notifies the tenant to pay rent to it or threatens eviction, or the tenant agrees to attorn to the mortgagee in possession in recognition of its paramount title. Id. at 29; Winnisimmet Trust, Inc. v. Libby, 234 Mass. 407, 410 (1920).
The mortgagee in possession and the holder of an assignment of rents may be the same person or entity (or, as here, its successor). That entity may give notice of entry and possession for foreclosure under the mortgage, but may preserve its right to rent by demanding it only under, and by virtue of, the assignment. International Paper Co. v. Priscilla Co., supra at 35. A mortgagee in possession who also holds an assignment of rents may choose between holding a tenant to his bargain, or evicting him. In Re: Prichard Plaza Assoc. Ltd., 84 B.R. 289, 297-299 (Bkrtcy. D. Mass. 1988). He may not do both. In this case, the plaintiff evicted the defendants on November 2, 1990 which terminated the tenancy, and the plaintiff may not recover rent accruing after that date.
However, the plaintiff is not entitled to a recovery against the Corporation in this action even for rent through November, 1990. The reason is that such rent is already encompassed in the summary process judgment against the Corporation. This action does not purport to be an action to enforce such summary process judgment. Therefore, the judgment entered against the Corporation in this case for rent after September, 1990 must be vacated.
2. The question remains as to whether St. Thomas may recover against Ms. Namou individually for rent accruing prior to the November eviction. According to the reported evidence, Ms. Namou testified that she is a recent citizen of the United States with only a limited understanding of English, and that the broker who represented Bushmaster did not tell her that she was signing the lease personally as well as on behalf of the Corporation. Ms. Namou also testified that it was her intention to execute the contract as president of the Corporation and not individually. Her intention does not, however, affect the contract as executed in the absence of proof that both parties did not expect her to be bound personally. First Safety Fund Nat’l Bank v. Friel, 23 Mass. App. Ct. 583, 587 (1987). Moreover, the trial judge explicitly accepted the testimony of the broker that she told Ms. Namou that she must sign personally as well as on behalf of the Corporation.
The absence of any reference to [the individual to be charged] in the text of the contract does not obviate such personal liability, nor compel us to ignore or view as meaningless the individual signature in contravention of established rules of contract construction.
American Dist. Tel & Tel Co. v. Speros, 1987 Mass. App. Div. 186, 187.
Ms. Namou is liable to St. Thomas as the assignee of rents. As noted above, however, the obligation to pay rent continues following entry by the mortgagee only until the latter demands rent, threatens to evict or actually evicts, or until the tenant attorns to the mortgagee as the new landlord. The only reported evidence *145 of such an event is the eviction judgment for possession on November 2, 1990. Rent which is payable monthly, in advance, as was the rent in this case, is indivisible and not subject to apportionment. The eviction of the plaintiffs ended the assignee’s right to require payment for the month of November. Highland Trust Co. v. Slotnick, 289 Mass. 119, 122 (1935). St. Thomas’ recovery against Ms. Namou must, therefore, be limited to rent for September and October, 1990 at the monthly rate specified in the lease of $3,028.66.
The judgment for the plaintiff against defendant The Namou Corporation is hereby reversed. The judgment for the plaintiff against defendant Nawal S. Namou is affirmed as to liability, but the damages awarded shall be reduced to $6,057.32.
So ordered.

The lease had an option to renew for an additional five year term and thus would not have been valid against subsequent purchasers without notice unless recorded under G.L.c. 183, §4. Leominster Gas Light Co. v. Hillery, 197 Mass. 267, 268 (1908); Toupin v. Peabody, 162 Mass. 473, 477-478 (1895).